## HEMAN CONSTRUCTION COMPANY v. THE CITY OF ST. LOUIS, Appellant.

**Division One, April 2, 1914.**

1. **CONTRACTS OF INDEMNITY: Public Policy: Negligence.** An agreement by a contractor to indemnify a city against liability for injuries to third persons resulting from the negligence of the contractor in connection with the construction of a sewer is not against public policy.

2. ———: ———: ———: **Excavating Near Building: Notice to Owner: Joint Judgment: Contribution.** Under a contract by which a contractor building a sewer for a city agreed to observe designated ordinances "and generally to obey all laws and ordinances controlling or limiting those engaged on the works" and to indemnify the city against all suits or actions brought on account of injuries sustained by any person by reason of any act of the contractor or its agents "in doing the work . . . or by or on account of any act or omission of" the contractor or its servants or agents, the contractor is liable for the damages resulting from a failure to notify a property owner of its intention to excavate near her building and then doing the excavating in such manner that the building was damaged, requirement of such notice being one of the laws applicable to respondent in the work in which it was engaged; and the prop-

erty owner having recovered a joint judgment against the contractor and the city which the contractor has been forced to pay, the city cannot be made to contribute.

3. ———: ———: ———: ———: ———: Specifications: Variance. And whether or not there was a discrepancy between the width of the alley in which the excavating was done and the width ascribed to it in the specifications, which brought the excavation nearer the building injured, the contractor is not absolved from liability.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REVERSED.

*William E. Baird* and *Truman P. Young* for appellant.

(1) A joint judgment obtained against several defendants does not change the status existing between such defendants. Freeman on Judgments (4 Ed.), sec. 227, p. 400. (2) The judgment obtained by Catherine Gerst against the Heman Construction Company and the city of St. Louis was based upon the failure to give notice to the plaintiff that the excavation was about to be made, and that she was about to be deprived of lateral support. It was the failure to give this notice, and only such failure, upon which this court based its ruling that the defendants were liable. That judgment did not depend upon the question whether or not the Construction Company was an independent contractor, did not depend upon any question as to the relation between the Construction Company and the city, and did not find or attempt to pass upon any question as to the proximate cause of the injury. It was merely ruled that where one fails to give notice that he is about to remove lateral support, he takes upon himself the risk of injury. The failure to give notice alone is a ground of compensation in case injury occurs, and it is not necessary to prove negli-

gence in the doing of the work. In the case at bar, however, we have traced the proximate cause of the injury and shown that it was caused by the negligence of the Heman Construction Company. Gerst v. St. Louis, 185 Mo. 191. (3) It is the person who has caused the injury that is primarily liable. 20 Am. & Eng. Ency. Law (2 Ed.), p. 51; 18 *Ib.*, 552; 16 *Ib.*, p. 197. (4) The primary liability of the plaintiff was established in this case, and the liability of the city of St. Louis, as declared in the Gerst case, was purely secondary. This is so because: (a) The plaintiff by its own negligence caused the injury. (b) The duty to give the notice was primarily upon the contractor. McGrath v. St. Louis, 215 Mo. 191. (5) The mistake as to the width of the alley cannot alter the relations of the parties. Bigelow on Estoppel (5 Ed.), pp. 1, 453, 556, 609, 626. (6) The specific terms of the contract are a complete defense to this action, for by the contract the plaintiff expressly agreed ''to indemnify and save harmless the city from all suits or actions of every name and description brought against the city for or on account of any injuries or damages received or sustained by any party or parties by or from the acts of the said contractor,'' etc.

*Rodgers & Koerner* for respondent.

(1) The judgment was rendered against plaintiff and defendant herein as joint tort-feasors. Plaintiff having paid this judgment in full, is entitled to contribution from defendant. R. S. 1909, sec. 5431; Brewster v. Gauss, 37 Mo. 518; Eaton & Prince Co. v. Trust Co., 123 Mo. App. 117. (2) In the Gerst case plaintiff and defendant herein were sued as joint tort-feasors who had failed to perform a duty that rested upon them jointly, and the judgment was rendered against them for the breach of this joint duty. That

judgment is concluisve as to the nature of the cause of action on which it was rendered and defendant cannot now be held to say that it was not a joint liability. Brewster v. Gauss, 37 Mo. 518. (3) The judgment in the Gerst case was rendered against plaintiff and defendant herein because of their failure to give notice to Mrs. Gerst of the excavation to be made alongside the wall of her house. The duty to give this notice rested upon plaintiff and defendant herein jointly. Gerst v. St. Louis, 185 Mo. 191. And their omission to perform this duty was necessarily simultaneous and concurrent. Hence, their liability was joint and contribution lies. Eaton & Prince Co. v. Trust Co., 123 Mo. App. 117. (4) The work which plaintiff was required to do under its contract was inherently dangerous to the Gerst wall. Gerst v. St. Louis, 185 Mo. 191. Hence, aside from the question of notice, defendant herein would have been liable to Mrs. Gerst. 4 Dillon, Mun. Corp. (5 Ed.), sec. 1722. (5) Under its contract, plaintiff was under no duty to defendant to devise means to support the Gerst wall. Lancaster v. Ins. Co., 92 Mo. 460; Buffalo v. Holloway, 7 N. Y. 493. (6) The indemnity clause in plaintiff's contract has no application to actions such as the Gerst case. Morton v. Traction Co., 20 Pa. Sup. Ct. 35.

BLAIR, C.—Under a contract with defendant, plaintiff in constructing a sewer excavated along the lot line of property owned by a Mrs. Gerst, and, as a result, a building erected on the lot was damaged. Neither plaintiff nor defendant had notified Mrs. Gerst of the intent to excavate, and in these circumstances the latter recovered a joint judgment against the present plaintiff and defendant for the damage to her property, and the plaintiff here having been compelled to pay that judgment brought this action against the city to recover one-half the amount thereof. From a judgment for plaintiff the city has appealed.

One of the general stipulations in the contract under which plaintiff constructed the sewer in question was as follows:

"The first party" [the present plaintiff] "will be required to observe all city ordinances in relation to obstructing streets, maintaining signals, keeping open passageways and protecting the same where exposed, and generally to obey all laws and ordinances controlling or limiting those engaged on the works, and the said first party, contractor and securities, here expressly bind themselves to indemnify and save harmless the city of St. Louis from all suits or actions of every name and description brought against the said city for or on account of any injuries or damages received or sustained by any party or parties by or from the acts of said contractor, or by his servants or agents in doing the work herein contracted for, or by or in consequence of any negligence in guarding the same, or any improper materials used in its construction, or by or on account of any act or omission of the said contractor or his servants or agents."

Defendant asked an instruction in the nature of a demurrer to the evidence and also requested the court to give an instruction to the effect, in substance, that the above quoted paragraph of the contract barred recovery. Both requests were refused, and these rulings, and others, are assigned for error.

The statute (Sec. 5431, R. S. 1909) provides that "defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract." Considerable portions of the briefs are devoted to the question whether this case falls within the statute as heretofore interpreted by this court. In the view we take of the case that question, for reasons subsequently to be stated, need not be discussed.

Neither is the decision in Gerst v. The City of St. Louis and the Heman Construction Company, 185 Mo. 191, conclusive upon the question now presented. In that case, so far as the city was concerned, the inquiry was as to the liability of the city to Mrs. Gerst for damages resulting from the failure of the city to perform or have its contractor perform the duty to give notice of the intent to excavate along the line of the property on which the Gerst building stood. There is nothing in that case which militates in any way against the right of the city to enforce a bond given by a contractor to protect the city from loss resulting from injury to property damaged by such contractor in the course of the work he engaged to perform.

The real contentions to be considered are that (1) the quoted provision of the contract is contrary to public policy and void; and (2) even if valid, that provision is not applicable to the cause of action upon which Mrs. Gerst recovered judgment.

I. The quoted section of the contract is opposed to no principle of public policy. An agreement to indemnify a city against liability for injuries to third persons resulting from the negligence of a contractor, in connection with the construction of a sewer falls well within the principle applied in Breeden v. Ins. Co., 220 Mo. 1. c. 427, *et seq.*, and cases cited. The fact that the contractor and indemnitor are the same person does not affect the question.

*Indemnifying City: Injuries to Third Persons.*

II. The remaining question is simply whether the contract of indemnity covers the liability for which the judgment respondent paid was recovered.

*Excavating Near Building: Notice to Owner: Negligence.*

By its contract respondent agreed to observe designated ordinances ''and generally to obey all laws and ordinances controlling or limiting those engaged

on the works'' and to indemnify the city against all suits or actions of every name and description brought on account of any injuries sustained by any person by reason of any act of respondent or its agents ''in doing the work . . . or by or on account of any act or omission of'' respondent or its servants or agents.

The failure to notify Mrs. Gerst of the intent to excavate near and below the level of the foundation of her building followed by such excavation, was negligence (Gerst v. St. Louis, 185 Mo. l. c. 208), and this requirement of notice was one of the laws applicable to respondent in the work in which it was engaged under the contract. While both the respondent and city owed to Mrs. Gerst the duty of notifying her of the intended excavation, yet as between themselves the respondent contracted to indemnify the city against liability to Mrs. Gerst and all others resulting from any omission on its, respondent's, part to obey all laws applicable in the circumstances, one of which was that requiring notice of the intended excavation. The failure to notify Mrs. Gerst was not of itself negligence. It was absence of notice, plus the excavation near and below the level of the foundation, which constituted the negligence. Respondent was the active agent in the actual work of excavating, and, as between it and the city, the city's liability to Mrs. Gerst was founded upon respondent's agency for the city. However that may be, respondent's contract bound it to indemnify the city against the very loss for which the judgment it paid was recovered, and it cannot recover in this case.

The case of Morton v. Traction Co., 20 Pa. Super. Ct. 325, is cited as supporting a contrary conclusion. Some general language is employed in the opinion which is not in harmony with what has been said but the facts in that case were very different from those in this. That case fell within the principle laid down

by the Supreme Court of Pennsylvania in Perry v. Payne, 217 Pa. St. 252, i. e., that a contract of indemnity against personal injuries should not be held to indemnify against the negligence of the indemnitee unless it is so expressed in unequivocal terms. In that case and those cited in the opinion therein it is pointed out that the strict rule of construction employed arises out of the inherent improbability that an indemnitor or contractor would intend to agree to indemnify against injuries to third persons resulting from negligence of the indemnitee or his servants over whom the indemnitor has no control. The theory of such decisions is that to construe the bond or contract to make the indemnitor an insurer against the acts of the indemnitee or his servants resulting in personal injury to third persons is unreasonabale since such a contract would expose the indemnitor to liability "the extent of which would be uncertain, indefinite and entirely in the hands of" the indemnitee and against which the indemnitor would have no means of protecting himself. Such a contract being unreasonable in its nature, courts decline to hold reasonable men have entered into it unless the language of the agreement leaves no reasonable way of escape from that conclusion.

The facts of this case do not bring it within that rule. There is nothing improbable, startling or unusual in an agreement whereby a contractor undertakes to protect a municipality from liability for damages to the property of third persons resulting from his own acts of omission, or those of his employees, in constructing a sewer.

The contract in this case ought to be construed according to the ordinary and usual import of the language in which it is expressed. So construed, that contract imposed upon the contractor the duty to notify Mrs. Gerst of the excavation intended to be

made and indemnified the city against liability for loss
by reason of a failure to perform that duty.

Whether the duty to give notice would, in the ab-
sence of the contract, have rested primarily upon the
city, as between it and the contractor, need not be dis-
cussed since the contract is in the case. [City of
Brooklyn v. Railroad, 47 N. Y. 1. c. 486, 487.]

So far as concerns the suggestion that the duty to
give notice rested upon both the city and the contrac-
tor and, therefore, both were concurrently negligent
and equally liable, not only to Mrs. Gerst but also with
relation to each other, the contract of indemnity, as
stated, furnishes one answer. Another is found in
the language of the court in Phoenix Bridge Co. v.
Creem, 102 App. Div. 1. c. 356, affirmed 185 N. Y. 580:
"While there are some expressions in opinions which
may seem to give color to the contention stated [i. e.,
that the absence of a contract for indemnity precluded
recovery], I think the general trend of the decisions
is adverse, and that the liability which results from the
mere omission of a legal duty is to be distinguished
for the purposes of this case from that which results
from personal participation in an affirmative act of
negligence or from a physical connection with an act
of omission by knowledge of, or acquiescence in, it
on the part of the original contractor, or by his fail-
ure to perform some duty in connection with it which
he may have undertaken by virtue of his agreement."
And it was held that while the plaintiff and defendant
were equally liable to the traveling public "yet as
between themselves" the contract imposed the duty
upon defendant, and, though there was no express
agreement to indemnify, plaintiff could be denied in-
demnity only "by proof that it did in fact participate
in some manner in the omission beyond its mere fail-
ure to perform the duty imposed on both by law."

It is argued there was a discrepancy between the width of the alley and the width ascribed to it in the specifications and that this fact absolved **Specifications:** the contractor from liability for not com-**Variance.** plying with its duty to give notice. If the contractor was not proceeding under the contract, the city could not be liable at all; and if it was proceeding under the contract, it was proceeding under all of it. The narrowness of the alley brought the excavation nearer the wall of the building injured and this the contractor saw before it began to excavate. A contract with a city to perform work of this kind must be in writing or is void from the beginning. [Sec. 2778, R. S. 1909.] Unless, therefore, the contract covered the excavation causing the injury to the building, respondent had no authority from the city to make it, and, for that reason also, could not recover in this case. The judgment is reversed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.