KINLOCH TELEPHONE COMPANY, Appellant, v. CITY OF ST. LOUIS.

Division Two, July 5, 1916.

1. **TORTFEASORS:** Several Liability. Section 5431, R. S. 1909, requiring joint tortfeasors to contribute to the redress of a private wrong, applies to cases of personal injuries resulting from a negligent omission of duty.

2. ———: ———: **Judgment Conclusive.** A judgment against two defendants for damages for personal injuries due to negligence is conclusive as to the liability of each to the judgment plaintiff. After such judgment has become final, neither can be heard to contend that it was not liable to the plaintiff for damages in that action.

3. ———: **City and Telephone Company: Negligence.** A telephone company which has erected its poles along a street is liable over to the city for any damages the city may be compelled to pay to a pedestrian who has fallen into a hole caused by the negligence of the telephone company.

4. ———: **Contribution: Primary Liability of the Telephone Company.** Where the record shows a primary liability of the telephone company as between it and the city for injuries due to the falling of a pedestrian into a hole resulting from the placing of a telephone pole along a public street, the company does not make out against the city a prima-facie case for contribution by alleging and proving that both it and the city were sued by the pedestrian and that he recovered a judgment against both jointly.

5. ———: ———: ———: **Evidence: Sole Liability of One Defendant.** There is a wide difference between the primary liability of tortfeasors and the sole liability of one of them. Where both the city and a telephone company were sued for damages for personal injuries due to the falling of a pedestrian into a hole negligently allowed to exist at the side of a public street where a telephone pole had been placed, and judgment was rendered against both, neither can claim in an action for contribution that the other was solely liable to the pedestrian, for the judgment concludes both against such contention; and, therefore, it is not error, in a suit by the telephone company against the city for contribution, to exclude testimony tending to show that the hole was not caused by the telephone company, but by a leaking fire plug. Such testimony would not show that the city was primarily liable, but would show a sole liability on its part.

6. ———: ———: **Estoppel: Must Be Pleaded.** Estoppel to be available must be pleaded. The city, when sued by a telephone company for contribution for one half of the judgment rendered in a negligence case against both, cannot be heard to contend that an agreement between the attorneys of the two defendants as to the course of defense to be pursued in the negligence case estops the city from asserting the primary liability of the company, unless it pleads such agreement as estoppel.

7. ———: ———: ———: Agreement Upon a Common Defense. The facts of this case do not show that two tortfeasors, jointly sued, had an agreement, in the interest of a common defense, under which neither would attempt to cast primary liability upon the other; but under the agreement to make a joint defense, each was free to show the other solely liable. In a suit for damages for a tort against two tortfeasors, each may show that the injuries were due to the negligence of the other alone, but neither can show that the other was alone primarily liable.

8. ———: Telephone Company: Erection of Poles: Bond to City. A bond given by a telephone company, which by the permission of the city has erected telephone poles along a public street, obligating the company to save the city harmless from all loss or damage by reason of the exercise of the permission, fixes primary liability upon the company, as the law does without the bond, for damages to a pedestrian falling into a hole near where a pole was placed.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

Affirmed.

*Benjamin H. Charles* for appellant.

(1) The defendant is liable to contribution under the statute. R. S. 1909, sec. 5431; Brewster v. Gauss, 37 Mo. 518; Eaton v. Trust Co., 123 Mo. App. 117; Judd v. Walker, 158 Mo. App. 168; Spalding v. Bank, 78 Mo. App. 374; Mulderig v. Railroad, 116 Mo. App. 672. (2) The defendant is liable to contribution at common law. Iron Co. v. Rice, 179 Mo. 494; Mayberry v. Railroad, 100 Minn. 79, 12 L. R. A. (N. S.) 678. The pleadings in the Merritt case show that the judgment there was bottomed on the concurring negligence of both defendants. (3) The issues in this case did not become *res adjudicata* by the judgment in the Merritt case. Parol evidence is admissible to show the true relations existing between the parties. St. Joseph v. Union Ry. Co., 116 Mo. 636. The question as to which of the two defendants

would be liable to indemnity in favor of the other, or
whether one would be liable in contribution to the
other, cannot be determined in the original action
against both of them.  Miller v. United Rys. Co., 155
Mo. App. 547.  The plaintiff in the Merritt case was
in no way interested in any question of primary and
secondary liability, as between the defendants, and
no such question was there litigated.  (4)  Defen-
dant offered no evidence of any facts tending to show
that the Kinloch Telephone Company was primarily
liable to Merritt.  It merely sought to overcome the
prima-facie case made by the plaintiff under the stat-
ute: (a)  By arguing that the Merritt judgment rest-
ed upon the primary liability of the  Kinloch  Tele-
phone Company, and (b) by introducing in evidence
two bonds given by the Kinloch Telephone Company
to the city, conditioned for the faithful compliance by
it with the provisions of certain general ordinances
regulating wire-using corporations.  The judgment
in the Merritt case is conclusive as to these facts
only, viz.: that the street was in an unsafe con-
dition; that Merritt was injured by reason thereof,
without fault on his part; that he sustained damage
to the amount of four thousand dollars; and that
each defendant was liable therefor.  ''The scope of
the estoppel created by the first judgment cannot
be extended beyond the points and issues necessarily
determined by it.''  St. Joseph v. United Rys. Co.,
116 Mo. 643; Black on Judgments, 574.  The sub-
ject of these ordinances has nothing to do with tele-
phone poles.  The bond was, therefore, not appli-
cable to any work done about a telephone pole.  Nei-
ther of these bonds was given to indemnify the city
against liabilities for injuries resulting from negli-
gence.  (5)  The defendant city is precluded, by its
own conduct in the Merritt case, from asserting that
the Kinloch Company was primarily responsible for

the injuries to Merritt. It had an agreement with the Kinloch Company, in the interests of a common and joint defense, that neither defendant would attempt to cast any primary liability upon the other. And it argued that Merritt had made no case of negligence against the Kinloch Company, that the uncontradicted evidence showed that the original excavation was refilled by the Kinloch Company; and that there was no testimony that the hole was neglegently and carelessly filled. The law will not permit the defendant now to assume a position inconsistent with that taken by it in the Merritt case. Bigelow on Estoppel (6 Ed.), p. 732; 16 Cyc. 801, 805; Bensieck v. Cook, 110 Mo. 182; School District v. Dorton, 145 Mo. 304; Greeley v. Bank, 103 Mo. 212; Coney v. Laird, 153 Mo. 408; Nave v. Todd, 83 Mo. 601; Fairbanks v. Baskett, 98 Mo. App. 64.

*Charles H. Dawes* and *Truman P. Young* for respondent.

(1) The plaintiff is not entitled to recover under the petition and the facts in this case because the Kinloch Telephone Company created the condition in the street which caused the injury to Merritt and was primarily responsible to Merritt, the person injured and who recovered judgment against the city and the company. If the city had been required to satisfy this judgment, the Kinloch Telephone Company would have been liable over to the city in exoneration for the whole amount of the judgment. Hanniford v. Kansas City, 103 Mo. 172; Chicago v. Robbins, 67 U. S. 418; 4 Dillon, Mun. Corp. (5 Ed.), secs. 1728, 1720, p. 3024; 1 Shearman & Redfield on Negligence (5 Ed.), sec. 301; 2 Thompson on Negligence (1 Ed.), pp. 789, 791; St. Joseph v. Union Ry. Co., 116 Mo. 637; Memphis v. Miller, 78 Mo. App. 67; Rochester v. Campbell, 123 N. Y. 411; Lowell v. Rail-

road, 23 Pick. 24; McNoughton v. Elkhart, 53 Ind. 391; District of Columbia v. Railroad, 12 D. C. 318; Elkhart v. Wickwire, 87 Ind. 80; Rochester v. Montgomery, 72 N. Y. 65; Milford v. Holbrook, 9 Allen (Mass.), 23; Portland v. Richardson, 54 Me. 46; Inhabitants of Swansey v. Chase, 16 Gray (Mass.), 303; Inhabitants of West Boylston v. Mason, 102 Mass. 341; Inhabitants of Woburn v. Railroad, 109 Mass. 283. (2) Sec. 5431, R. S. 1909, providing that defendants in a judgment founded on an action of tort shall be subject to contribution in the same manner as defendants in a judgment in an action on contract, refers only to cases where there has been a concert of action in the commission of a tort. The statute has no possible application to a case where the liability of the parties is upon a different plane, where the liability of one is primary and the liability of the other is secondary. Robertson v. Trammell, 83 S. W. (Tex.) 265; Burkson v. Railroad, 144 Mo. 217; Avery v. Bank, 221 Mo. 71; Iron Co. v. Rice, 179 Mo. 493; Eaton & Prince v. Trust Co., 123 Mo. App. 117; Van Patten v. Richardson, 68 Mo. 380; 9 Cyc. 794; 6 Pomeroy's Eq. Jurisprudence (3 Ed.), secs. 912, 915, 916; Adams' Equity star p. 267; 7 Am. & Eng. Ency. Law (2 Ed.), pp. 325, 330, 364, 365; Portland v. Richardson, 54 Me. 46; Milford v. Holbrook, 9 Allen (Mass.), 17; Lowell v. Railroad, 23 Pick. (Mass.) 24; Mill Co. v. Wheeler, 31 Minn. 121; Newbury v. Connecticut Co., 25 Vt. 377. (3) The Kinloch Telephone Company was under bond to the city to protect the city against damage suits such as Merritt brought against the Kinloch Telephone Company and the city. The city was fully protected by that bond, and if the city had been compelled to pay the judgment obtained by Merritt it could have recovered the amount on the bond given by the Kinloch Telephone Company to the city. This alone would be

a sufficient defense in this case. Heman Const. Co.
v. St. Louis, 256 Mo. 332; Rev. Code of St. Louis,
secs. 1102, 1107, 1125, 1182, 1192. (4) The principle
of estoppel does not apply in this case. The mere
fact that the city was jointly sued with the Kinloch
Telephone Company and defended the suit and raised
no controversy between itself and the company, can-
not possibly operate as any estoppel against it
in subsequent litigation between the city and the
company. 11 Am. & Eng. Ency. Law (2 Ed.), pp.
433, 434; Bigelow on Estoppel (5 Ed), pp. 556, 609,
626. (5) While it is true that the judgment in the
Merritt case is not *res adjudicata* as to the respective
rights between the telephone company and the city,
yet, the judgment in the Merritt case was an adjudi-
cation, at least, to the effect that Merritt was en-
titled to a judgment against the company, and the
company could not in subsequent litigation undertake
to show that it had a complete defense in that case,
and that if there was any hole in the sidewalk it was
due to causes other than those for which the tele-
phone company could be held responsible. The fun-
damental fact that the hole was made by the Kinloch
Telephone Company, and that it was therefore liable
to. Merritt, was a thing adjudicated in the Merritt
case. It is no longer an open question. It is ob-
vious from the evidence in the case that the Kinloch
Telephone Company was primarily liable to Merritt,
and that the liability of the city was secondary, and
that therefore the right of contribution does not
exist

ROY, C.—One Merritt recovered judgment for
$4000 as damages for personal injuries in a suit
against both the parties to this suit. The telephone
company paid that judgment with interest and costs
and sues herein for contribution. Defendant had
judgment and plaintiff has appealed. The opinion of

this court on appeal in the Merritt case is reported in 215 Mo. 299. Reference is made to the report of that case for such facts as are not herein stated.

In the latter part of September, 1901, the telephone company replaced an old pole with a new one at the intersection of Newstead Avenue with Lucky Street in St. Louis, with permission of the city. On February 5, 1902, Merritt fell into a hole at the foot of that pole and was injured.

The petition in that case stated that the telephone company, in setting said pole in the street near the sidewalk, had negligently refilled the hole in which such pole was set in such manner that the earth around the pole sank, forming a hole dangerous to persons on the street, and that the telephone company knowingly and carelessly permitted said hole to remain without a guard or light, and that the city knowingly and negligently permitted such hole to remain unfilled and unguarded. That petition then stated that by reason of such negligence Merritt fell into that hole and was injured.

The petition in this case alleges the beginning of the Merritt suit, sets out *in haec verba* the body of the petition in that case, alleges that the defendants in that case filed separate answers therein denying the negligence charged, and averring that Merritt's injuries were the result of his own negligence. The petition in this case then alleges the recovery of judgment by Merritt against both the defendants in that case, and the payment of the entire judgment by this plaintiff.

The answer herein states that said telephone pole was set by this plaintiff in a street of that city by permission of the city under an ordinance which required that those who should erect such poles should restore the streets and save the city harmless from all loss, cost or damage by reason of the exer-

cise of the privilege of setting such poles. Such answer then alleges that the said hole at the foot of the pole was caused by the negligent filling of it by the telephone company, that said company negligently failed to refill said hole after it sank as aforesaid, and that the injuries suffered by Merritt were caused by such negligence of the telephone company.

The reply herein states that the telephone company with due care had refilled said hole at the time the pole was set and had thoroughly tamped the earth about such hole, and that such work was thereupon. inspected and approved by the proper officers of the city; that the telephone company had no subsequent knowledge that the earth about the pole had sunk; that the city officers did have such knowledge, but failed to impart it to the telephone company.

That reply then contains the following:

"That the defendant owed to the plaintiff a duty to notify the plaintiff of the existence of the said depression; but that neither the defendant herein nor any of its officers or agents did at any time impart its and their knowledge to the plaintiff, nor give to. the plaintiff any notice of the existence of the said depression, as the said record in the said case did and does disclose.

"That the plaintiff herein had taken due care to refill the excavation about the said telephone pole and thoroughly to tamp the earth therein, as the record in the said case did and does disclose, and after the inspection and approval thereof by the inspecting. officers of the defendant herein, the plaintiff was under no obligation to keep the public street of the defendant city, on which the telephone pole was located, in a safe condition.

"Wherefore, the plaintiff prays judgment as in the petition.

"And for further reply the plaintiff alleges that the plaintiff and the defendant, co-defendants in the said action instituted by the said Merritt, co-operated in the management of their cause, assisted each other in making their defenses, made substantially the same defenses, introduced substantially the same evidence, offered substantially the same instructions to the jury, and joined in the bill of exceptions and the appeals taken by them to the Supreme Court of Missouri; all of which is fully disclosed by the record of the said cause."

Neither the petition nor the reply herein contained any allegation that the hole at the foot of the telephone pole was caused otherwise than by the negligence of the telephone company.

On the trial of this case, the plaintiff introduced in evidence the record proper in the other case, showing the pleadings and judgment; also evidence tending to prove that the telephone company prior to Merritt's injury had no notice of the condition of the ground about said pole, and that the inspecting officers of the city did, prior to said injury, know of and report such condition to the city.

Plaintiff introduced a witness, V. B. Anderson, an assistant superintendent in charge of men engaged in setting its poles, and offered to prove by him "that he had had charge of the work of replacing the poles at Newstead and Lucky with a new pole somewhat larger than the old; that in doing the work the regular and customary amount of tamping was done; that all of the earth taken out of the excavation was tamped back into the hole, and such surplus earth as was left (because the new pole was larger at the butt than the old pole) was heaped up about the pole to the granitoid sidewalk, which was about 20 to 24 inches back of the curbing; and that after the work was done the earth about the pole was high-

er than the sidewalk; that this witness had seen a certain wooden box covering a fire plug standing in close proximity to this pole, and also an outward opening on the other side of the pole at or near the corner of the said walk; and that in the opinion of this witness, if a hole existed two feet deep on the third day of January, as reported by Officer Hannon on that day, such hole was occasioned by the seepage of water from a leak in this box." That evidence was excluded.

The defendant herein introduced on the trial of this case the ordinance of the city requiring all persons and corporations after setting telephone poles to replace the streets in such manner as may be required by ordinance or by the Board of Public Improvements and to the satisfaction of the street commissioner, and requiring that such persons and corporations shall give to the city penal bond in the sum of $20,000 with the condition that such person or corporation will comply with such ordinances and save the city harmless from any loss on account of any failure in that respect.

It also introduced in evidence the bond executed by the plaintiff herein in accordance with those ordinances.

Plaintiff, in rebuttal, put on the stand Mr. E. T. Miller, an attorney at law, who was one of the attorneys for the Kinloch Telephone Company in the Merritt case. He testified that, preparatory to the trial of that case, counsel for both the defendants therein held a consultation in which they came to a conclusion stated by the witness thus:

"That it would be suicidal for us to attempt to throw the burden—either one to throw the burden—on the other, and that we had to make a joint fight in that case and combine our forces, and when we went to Mexico our position was stated to Mr. Rob-

ertson, and he fully concurred on that, and we carried out that theory in the trial of the case."

At the close of the evidence the court gave the defendant a declaration of law as follows:

"The court, sitting as a jury, declares the law to be: That upon the pleadings and proof herein, the plaintiff is not entitled to recover, and that the findings must be for the defendant."

1. The judgment in the Merritt case was one falling under the provisions of section 5431, Revised Statutes 1909, which is:

"Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract."

**Contribution.**

In Eaton & Prince Co. v. Trust Co., 123 Mo. App. 117, it was held that the statute applied to a case of negligent omission of duty on the part of several tortfeasors which concurred in causing the injury, though there was no unity or concert of action on their part. That was approved in Miller v. United Railways Co., 155 Mo. App. 528.

II. In McMahan v. Geiger, 73 Mo. l. c. 149, is the following quotation from Freeman on Judgments (4 Ed.), sec. 158: "Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. If A recovers judgment against B and C, upon a contract, which judgment is paid by B, the liability of C to B in a subsequent action for contribution is still an open question, because as to it no issue was made or tried in the former suit. As between the several defendants therein a joint judgment estab-

**Judgment Conclusive of Liability.**

lishes nothing but their joint liability to the plaintiff. Which of the defendants should pay the entire debt, or what proportion each should pay in case each is partly liable, is still unadjudicated; but a judgment against two joint debtors prevents either from denying the existence and obligation of the debt, though he may still prove by any competent evidence in his power that the whole burden of the obligation should be borne by the other.''

The section of the statute above set out applies the same rule of contribution to judgments rendered in actions on torts. It was held in Brewster v. Gauss, 37 Mo. 518, that a judgment founded on tort was conclusive as between the defendants as to the liability of each to the judgment plaintiff. Such being the law, neither the plaintiff nor the defendant herein can be heard to contend in this case that it was not liable to Merritt for damages recovered by him.

III. The telephone company was liable over to the city for any damages the city might
Liability
Over to City.
be compelled to pay to Merritt by reason of a defect in the street caused by the negligence of the telephone company. [4 Dillon, Mun. Corp. (5 Ed.), sec. 1728; 2 Thompson on Neg. (1 Ed.), 789; Rochester v. Campbell, 123 N. Y. l. c. 411; Elkhart v. Wickwire, 87 Ind. 77; Inhabitants of Woburn v. Railroad, 109 Mass. 283.] That rule was taken for granted without being expressly decided in Memphis v. Miller, 78 Mo. App. 67.

IV. Appellant claims to have made a primafacie case for contribution when it
Primary Obligation
of Telephone Company.
alleged and proved the record in the Merritt case. It may be conceded that ordinarily, and in the absence of anything further, a judgment sounding in tort would, under

the statute, be a prima-facie showing for contribution as between the defendants therein. But the record in the former case does not stop there. It shows facts which create a primary liability of the telephone company as between it and the city. Such being the case, we hold that the petition herein does not state a cause of action.

V. Appellant says that the evidence of the witness Anderson which was offered by it and excluded by the court would have shown that the hole in question was not caused by the telephone company, but by a leaking fire plug, and would thus have shown a primary liability of the city. Not so; it would have shown a *sole* liability on the part of the city to Merritt, and would have shown that the telephone company was not liable to Merritt *at all.* There is a wide difference here between a primary liability and a sole liability. Neither of the parties to this suit can claim that the other was solely liable to Merritt because the judgment in the Merritt case concludes them on that point. It is conceded that neither of the parties hereto is so concluded on the question as to whether the other was primarily liable. The situation is peculiar in this: that the telephone company seeks to avoid its own primary liability, a thing it has the right to do, by showing the sole liability of the city, a thing which it has here no right to do, because that point is concluded against it by the judgment in the former case.

VI. Appellant insists that the agreement shown by the evidence of the witness Miller as to the course to be pursued by the defendants in the Merritt case and the compliance of the parties with that agreement, estops the respon-

Sole Liability of Tortfeasor: Evidence.

Estoppel: Joint Defense.

dent from now asserting the primary liability of the appellant. There is no plea of estoppel in either the petition or reply. We see no reason why this case should be excepted from the general rule that an estoppel must be pleaded. [Thompson v. Lindsay, 242 Mo. 53.]

Appellant's brief contains this:

"The two defendants in the Merritt case had an agreement, in the interests of a common joint defense, under which neither defendant would attempt to cast any primary liability upon the other."

There are several difficulties involved in that statement which counsel have overlooked:

(a) That was not the proper place or time for the determination of the question of primary liability of either of the parties defendant therein.

(b) Primary liability of the city could not possibly have been shown. It might have been shown that it was solely responsible, but not that it was primarily so.

(c) The telephone company could have secured a verdict in the Merritt case if it had shown that the hole in the street was not caused by its negligence. There was nothing to prevent it from making such showing unless there was a lack of evidence on that point. Certainly it was not prevented from so doing out of any fear that the city would prove that the telephone company was solely liable. So far as we can see, whatever made the telephone company liable made the city liable. Any effort of the city to fix liability on the telephone company would involve the city in the same result, so far as that case was concerned. The telephone company, without any agreement, could have gone on with impunity in its efforts to prove that the city alone was liable with no fear

that the city would attempt to prove that the telephone company was liable.

(d) An examination of the report of the Merritt case, on the appeal to this court, shows clearly that if there was an agreement for a joint defense it was not carried out. There were separate briefs filed here on that appeal. This court, speaking to the second point made by the telephone company, said (215 Mo. l. c. 309):

"But passing this point, it is urged that all the positive evidence tends to show that the hole dug by the Kinloch Company was upon the west side of the pole and not upon the east side. This defendant urges that it is only by the merest inference that it could be said that it dug the hole into which the plaintiff fell, but it is not seriously denied that there was a depression on the east side of the pole which occasioned the injury to plaintiff."

That shows a clear attempt on the part of this appellant to escape by throwing the sole liability on the city.

(e) Even if such an agreement was made, it would be a very strained construction of it to hold that it contemplated any more than a common defense in that suit. There is nothing to show that it was intended that either party's rights in this case should be affected by it.

VII. In Heman Construction Company v. St. Louis, 256 Mo. 332, it was held that a contractor who was under bond to the city conditioned that the contractor would comply with the city ordinances and save the city harmless from any loss by reason of the contractor's negligence resulting in damage to other persons, was by such bond precluded from obtaining

contribution under the statute from the city on account of the' payment by the contractor of a judgment rendered against both for the contractor's negligence. That case proceeded on the theory, without deciding, that the original judgment was not conclusive as to the question of primary liability, and held that such bond threw the primary liability on the contractor. In this case the primary liability is put upon the telephone company both by the bond and by law even without the bond.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.