**HAYS–FENDLER CONSTRUCTION COMPANY and Bituminous Casualty Corporation, Plaintiffs-Appellants,**

v.

**TRAROLOC INVESTMENT COMPANY, INC., Defendant-Respondent.**

No. 36038.

Missouri Court of Appeals, St. Louis District, Division Three.

March 18, 1975.

Robertson, Ely & Wieland, St. Louis, for plaintiffs-appellants.

Richard M. Stout and Charles A. Hapke, Kirkwood, for defendant-respondent.

SIMEONE, Presiding Judge.

This is an appeal by plaintiffs-appellants, Hays-Fendler Construction Company and Bituminous Casualty Corporation from a judgment entered on November 15, 1973, by the circuit court of St. Louis County following a jury verdict in favor of the defendant-respondent, Traroloc Investment Company, Inc. Plaintiffs, Hays-Fendler and Bituminous, brought an action for contribution against defendant-Traroloc, alleging that they had paid a judgment entered against Hays-Fendler and Traroloc and, hence, were entitled to one-half of the amount of the judgment under the provisions of § 537.060, RSMo 1969, V.A.M.S.

This cause began when Hays-Fendler and Bituminous filed their joint "petition for contribution" on December 30, 1970. The petition was in three paragraphs. Paragraph 2 alleged that (1) an action [in negligence] had been filed by one Harold J. Stoeppelman v. Hays-Fendler Construction Company and Traroloc Investment Company, which resulted in a judgment of $10,000 in favor of Stoeppelman and against Hays-Fendler and Traroloc. The judgment was appealed and affirmed;[1] (2) on March 16, 1967, the amount of the judgment plus interest ($11,275.00) was paid to Stoeppelman by Bituminous; and (3) the judgment was paid on behalf of Hays-Fendler under the terms of a liability policy which afforded coverage to Hays-Fendler for the acts of Hays-Fendler which were claimed to be, in part, a cause of the injuries of Stoeppelman.

Paragraph 3 alleged that (1) since the judgment was against both defendants, Hays-Fendler and Traroloc, both defendants were jointly and severally liable for the payment of the judgment, and (2) since Hays-Fendler, by and through Bituminous, had paid the full amount of the judgment and interest, they are entitled to one-half of said payment from Traroloc with interest.

---

1. Stoeppelman v. Hays-Fendler Construction Co., 437 S.W.2d 143 (Mo.App.1968).

Plaintiffs therefore prayed for judgment for one-half of the judgment paid plus interest in the amount of $5,637.50.

In due time Traroloc answered and filed its counterclaim. Its answer admitted paragraph 2 of the petition—that suit was filed by Stoeppelman, that judgment had been rendered against Hays-Fendler and Traroloc and that the judgment had been paid by Bituminous on behalf of Hays-Fendler under a liability policy. Traroloc denied the allegations of paragraph 3, and raised several matters in defense: (1) that in making the payment to Stoeppelman, if in fact it was made, Bituminous acted as a volunteer, and hence plaintiffs are not entitled to judgment; (2) that Stoeppelman's injuries resulted from the negligence of Hays-Fendler in doing construction work on real property owned by Traroloc, which was done under a written construction contract dated July 3, 1962, which provided (a) that Hays-Fendler "agreed to adequately protect the work which it was doing, adjacent property and the public and agreed to be responsible for all damage or injury due to act or neglect of Hays-Fendler . . ."; (b) that Hays-Fendler "would maintain insurance in effect to protect from claims for damages because of bodily injury which might arise both out of and during operations under said contract"; and (c) that by reason of the provisions of the contract Hays-Fendler "became and was obligated to indemnify [Traroloc] and hold it harmless from any claims for personal injury arising out of the work done," hence plaintiffs are not entitled to recover; (3) that Hays-Fendler and Bituminous undertook to defend the Stoeppelman suit but (a) did not advise Traroloc of the result or of the fact that it was appealed, (b) did not "demand . . . that [Traroloc] take part in any trial or appellate proceedings of said suit," and (c) relied on the plaintiffs to "defend said suit and the interest of [Traroloc]," but the attorneys employed by Bituminous did not attempt to "separately submit to the jury the question of separate liability of [Traroloc]," hence plaintiffs are estopped from bringing this action; (4) that the injuries sustained by Stoppelman resulted from the active negligence of Hays-Fendler, and hence Traroloc was, as a matter of law, entitled to be indemnified and held harmless by Hays-Fendler, so that plaintiffs are not entitled to recover.

At the time of filing its answer, Traroloc also filed a counterclaim alleging that Hays-Fendler and Traroloc had entered into a construction contract whereby Hays-Fendler was to construct an addition to a warehouse, and that, under the terms of the contract, Hays-Fendler agreed to protect the work, the adjacent property and the public and to be responsible for all damage due to the act or neglect of Hays-Fendler. It was alleged that Hays-Fendler also agreed to maintain insurance to protect Traroloc from claims for damage, and that Traroloc, after suit had been filed by Stoeppelman, demanded that Hays-Fendler and Bituminous undertake the defense of the suit and "indemnify and hold harmless" Traroloc from the claim, but that they refused to do so. Traroloc also filed its "cross-claim" against Hays-Fendler, praying that if Traroloc were held liable, it be granted judgment over against Hays-Fendler. The counterclaim also alleged that Hays-Fendler and Bituminous eventually did undertake to defend the Stoeppelman suit some one year after the request so that Traroloc became obligated to expend money for services of an attorney. Traroloc concluded that by reason of the failure of Hays-Fendler "to comply with the undertaking of its aforesaid contract and to indemnify this defendant and defend said lawsuit brought," it has been damaged. The plaintiffs replied to the counterclaim.

The cause was tried on November 14, 1973. The plaintiffs' evidence consisted solely of reading portions of their petition and paragraphs 1[2] and 2 of the defendant's answer.

2. Paragaph 1 of the petition and answer related to the formalities that plaintiffs and defendant were corporations and also related to venue.

Traroloc filed a motion for directed verdict, contending that (1) the construction contract "operates to preclude any recovery by plaintiffs," (2) that plaintiffs are estopped from recovering, (3) that plaintiffs waived any right to recover by having their attorney represent defendant and plaintiffs jointly in the Stoeppelman suit and in not requesting Traroloc through its own counsel to appeal separately and (4) by paying the judgment voluntarily, plaintiffs waived their right to recover.

Traroloc's case at trial consisted also of reading the rest of the plaintiff's petition and its answer, counterclaim and reply to the jury. Traroloc also read portions of the construction contract referred to in its answers. The contract[3] entered into between Hays-Fendler and Traroloc, provided that Hays-Fendler, the contractor, would construct a new warehouse addition on Traroloc's property and contained several articles which were read to the jury.

Article 6 of the construction contract (Protection of Work, Property and Persons) provided that: "The Contractor shall adequately protect the work, adjacent property and the public and shall be responsible for any damage or injury due to his [its] act or neglect." Article 13 (Contractor's Liability Insurance) provided that: "The Contractor shall maintain such insurance as will protect him [it] from claims under workmen's compensation acts and other employee benefits acts, from claims for damages because of bodily injury, including death, and from claims for damages to property which may arise both out of and during operations under this contract, whether such operations be by himself or by any subcontractor . . . ."

Article 14 (Owner's Liability Insurance) provided: "The Owner shall be responsible for and at his [its] option may maintain such insurance as will protect him [it] from his [its] contingent liability to others for damages because of bodily injury, including death, which may arise from operations under this contract, and any other liability for damages which the Contractor is required to insure under any provision of this contract."

The attorneys for the parties agreed that the attorney for Traroloc, on April 1, 1965, sent a letter to Hays-Fendler requesting that "they" undertake the defense of the Stoeppelman suit. The attorney for Traroloc also read into evidence certain minutes of the Stoeppelman action[4] and a portion of the Stoeppelman transcript on appeal.[5]

Plaintiffs moved for a directed verdict in their favor on the ground that the judgment rendered against both Hays-Fendler and Traroloc was paid on behalf of Hays-Fendler and that they are entitled to judgment under the contribution statute, § 537.-060, RSMo 1969, V.A.M.S. Traroloc renewed its motion for directed verdict, but dismissed its counterclaim without prejudice.

After instructions and closing arguments, the jury returned its verdict in favor of the defendant, Traroloc. Plaintiffs appealed.

■ On appeal, the appellants-plaintiffs contend (1) that the joint judgment en-

---

3. The agreement—"Agreement and General Conditions Between Contractor and Owner" —was issued by The American Institute of Architects for use when the work is simple in character.

4. The crossclaim filed by Traroloc against Hays-Fendler was dismissed without prejudice on August 31, 1966.

5. The portion of the transcript read was the following statement by Mr. DeVoto, attorney for Hays-Fendler and Traroloc in the Stoeppelman case: " 'Your Honor, the Bituminous Casualty Corporation does have a policy of insurance and is interested in the outcome of this litigation; whether it affords coverage to both defendants is a subject that I don't honestly know the answer to. We're defending Traroloc on the demands of their attorney, on the theory that there is an allegation, or a contract in existence, whereby Hays-Fendler owes a defense to Traroloc.' "

tered in the Stoeppelman case against both Hays-Fendler and Traroloc made a prima facie case entitling plaintiffs to contribution, and (2) having made a prima facie case, the burden was placed on Traroloc to introduce competent evidence to rebut the prima facie case, and having failed to meet "the law's demand and requirement in this respect, plaintiffs are entitled to judgment." [6]

Traroloc on the other hand contends in its brief that (1) by reason of the construction contract between Hays-Fendler and Traroloc, Hays-Fendler "became obligated to indemnify Traroloc and hold it harmless from any claims for personal injury arising out of the work done . . . and therefore plaintiffs are not entitled to recover from defendant," and (2) Bituminous, having knowledge of all the facts involved in the Stoeppelman case, acted as a volunteer when it undertook to defend Traroloc and voluntarily pay the full amount of the Stoeppelman judgment without notice or demand to Traroloc; hence, plaintiffs are not entitled to recover.

Plaintiffs argue that when paragraph 2 of the petition and answer were read into evidence indicating that a joint judgment had been rendered in the Stoeppelman case, that it had been paid and that when defendant admitted these allegations, a prima facie case was made entitling plaintiffs to contribution, under § 537.060. They further argue that the evidence introduced by Traroloc did not rebut the case made by the plaintiffs.

Respondent-Traroloc with equal vigor argues in its brief that, under the various provisions of the construction contract, Hays-Fendler became obligated to indemnify Traroloc and hold it harmless, and that Bituminous acted as a volunteer when it accepted and "didn't at some time tender the defense of the Stoeppelman suit back to Traroloc."

Despite all the numerous allegations and contentions of the parties, the issues involved in this appeal as we view them are: (1) whether the plaintiffs are entitled to contribution under § 537.060, and (2) whether the construction contract and the law of indemnity provide a defense to the plaintiff's action for contribution.

The subject of contribution has been analyzed in numerous Missouri decisions. At common law there was no contribution between joint tort-feasors. Under the common law, it was said to be against public policy to adjust equities between joint tort-feasors. The courts left them in the position where it found them. Kilroy v. City of St. Louis, 242 Mo. 79, 145 S.W. 769, 770 (1912); Missouri District Tel. Co. v. Southwestern Bell Tel. Co., 338 Mo. 692, 93 S.W.2d 19, 29 (banc 1935) (concurring opinion). This common law rule has been changed by our statute § 537.060, RSMo 1969 V.A.M.S. That section provides that: "Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract."

■ Under this statute a joint judgment rendered against several defendants is sufficient to constitute a prima facie case in a subsequent action for contribution, for as between several defendants a joint judgment establishes their joint liability to the plaintiff, and if legal defense appears, the party making payment of the judgment is entitled to contribution.

■ But when a joint judgment is rendered, the joint judgment establishes only the joint liability to the third party. It does not determine as between the defendants which should pay the entire liability, or what proportion each should pay in case

---

6. These points do not conform to Rule 84.04 (d), V.A.M.R., in that they do not state "what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . . .."

each is partly liable. That issue is not adjudicated. The judgment against two joint judgment debtors prevents either from denying the existence of the obligation, but it still may be that the whole burden of the obligation should be borne by the other. Kinloch Telephone Co. v. City of St. Louis, 268 Mo. 485, 188 S.W. 182 (1916).

In *Kinloch*, supra, one Merritt recovered judgment for personal injuries against Kinloch Telephone Co. and the City of St. Louis when he fell into a hole at the foot of a telephone pole placed by the telephone company. The pole had been set by the telephone company with the permission of the City under an ordinance which required that the telephone company would save the City harmless for all loss, cost or damage. The telephone company paid the Merritt judgment and brought suit for contribution against the City. Our supreme court held that the telephone company was not entitled to contribution. The court recognized that the rule is that a prima facie case is made upon pleading and proving a joint judgment, but when, as between the parties, primary liability is shown, it is a defense to an action for contribution. Hence, the court affirmed judgment for the City.

We believe, under the facts and circumstances here, that Hays-Fendler is not entitled to contribution from Traroloc for the following reasons:

■ First, the intent of the parties upon signing the construction contract which provided that the contractor shall be responsible for *any* damage or injury due to his [its] act or neglect shows, in our opinion, that Hays-Fendler agreed to be responsible for any damage or injury and to indemnify the landowner, Traroloc, for injuries sustained by a third party. Unless that construction and intent is reached, the construction contract adds little to the liability of Hays-Fendler for its negligence, since it would be responsible in any event for such acts.[7]

■ Second, the liability of Traroloc, as landowner, in the Stoeppelman suit was derivative in nature, and was based upon the passive negligence of Traroloc. In the Stoeppelman action, Mr. Stoeppelman was injured when he fell into an excavation made by Hays-Fendler to construct an addition to Traroloc's property. "At the time of the incident . . . the construction work on the addition had progressed to where the west wall was being erected. . . . On the outside of the door frame was an open trench approximately 18 to 20 inches wide and three feet deep. This excavation having been made for the footings to be poured and had never been filled up. . . ." Stoeppelman v. Hays-Fendler Construction Co., supra, 437 S.W.2d at 146. The issues tried in that case were whether Traroloc, the lessor, was responsible to the third party, Stoeppelman, for his injuries. This court held that Stoeppelman made a submissible case against Traroloc and that the landlord was subject to liability for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control. The lessor, Traroloc, was under a duty to keep the premises in a reasonably safe condition.

As to the plaintiff-Stoeppelman, both Traroloc and Hays-Fendler were subject to liability. But as between Hays-Fendler and Traroloc, we believe that Traroloc's

---

7. It has been held that one may legally agree to indemnify another against the results of the indemnitee's own negligence (here the landowner, Traroloc), but to do so, such intention must be expressed in clear and unequivocal terms, see Kansas City Power & Light Co. v. Federal Const. Corp., 351 S.W. 2d 741, 745 (Mo.1961), yet where the contractor agrees to indemnify the owner of the land against loss or liability caused by the contractor's negligence, a contractual provision has generally been held to protect the owner where his liability is merely passive or secondary and the contractor is actively or primarily negligent. See and compare cases in Annot., 27 A.L.R.3d 663, 737–740 (1969), and Annot. 175 A.L.R. 8, 144–149 (1948). There is no magic in the words "hold harmless" when the intent of the parties shows that one party is to be responsible for *any* damage due to its negligence.

liability was derivative and its negligence passive so that as between Hays-Fendler and Traroloc, Hays-Fendler was primarily negligent, and Traroloc is entitled to indemnity.[8] Hence, as between the parties, Hays-Fendler, as in *Kinloch*, supra, is not entitled to contribution from the landowner, Traroloc.

We therefore believe that under the provisions of the construction agreement entered into between the parties and by the law of indemnification, Hays-Fendler is not entitled to contribution under the circumstances presented. The defenses of Traroloc were presented to the jury under instructions of the court, and the jury ruled in its favor.

Under these circumstances, we believe the judgment should be affirmed.

The judgment is affirmed.

GUNN, J., concurs.

McMILLIAN, J., concurs in part, dissents in part.

McMILLIAN, Judge.

I concur in the result that the judgment should be affirmed but only because of the law of indemnification. In other words, from my reading of Stoeppelman v. Hays-Fendler Construction Co. et al., 437 S.W.2d 143 (Mo.App.1968), it appears that defendant Hays-Fendler created the excavation, and, consequently, it was guilty of active negligence. On the other hand, defendant Traroloc was only passively negligent; that is, Traroloc, as landowner, was guilty of negligence only because it failed to have discovered the dangerous condition created upon the land by Hays-Fendler and to have made it reasonably safe for persons rightfully upon the land.

I disagree with that part of the opinion which seeks to affirm the judgment under the provisions of the contract agreement. A plain reading of the contract was that Hays-Fendler only intended to protect the work, the adjacent property and the public and to be responsible for all damages due to the act or neglect of Hays-Fendler, not the acts or neglect of Traroloc.

---

8. (a) We may take judicial notice of our records. Bushman v. Barlow, 321 Mo. 1052, 15 S.W.2d 329, 332 (banc 1929).

(b) Indemnity may arise by operation of law without regard to contract. "The area in which a party held liable for negligence may secure indemnity from another party also negligent is closely circumscribed. It embraces a group of special situations and relationships where it has seemed reasonable and desirable to impose the ultimate responsibility on the person found to have played the active or primary role in the negligent situation in favor of one also held liable, but whose part in the event is passive or secondary. . . ." State ex rel. Siegel v. McLaughlin, 315 S.W.2d 499, 502 (Mo.App. 1958); State ex rel. Laclede Gas Company v. Godfrey, 468 S.W.2d 693, 697 (Mo.App. 1971), and cases cited therein; Donald v. Home Service Oil Company, 513 S.W.2d 426 (Mo.banc 1974); Barb v. Farmers Insurance Exchange, 281 S.W.2d 297, 304 (Mo. 1955); Kinloch Telephone Co. v. City of St. Louis, supra, 188 S.W. at 185–186; 41 Am.Jur.2d, Indemnity § 20 (1968).

(c) State ex rel. Siegel v. McLaughlin, supra, summarizes the Missouri cases where indemnity is permitted against another: "Thus, where a landlord is held liable by reason of the dangerous condition of his premises he may recover indemnity from the person who actually created the dangerous condition. Barb v. Farmers' Insurance Exchange, Mo. Sup., 281 S.W.2d 297." State ex rel. Siegel v. McLaughlin, 315 S.W.2d at 502.