IN RE PETITION OF T. J. DEJARNETT ET AL. v. W. H. TICKAMEYER ET AL., Appellants.—40 S. W. (2d) 686.

Division One, June 24, 1931.

154

*Harvey D. Dow* for appellants.

*W. D. Steele* and *D. E. Kennedy* for respondents.

FRANK, J.—This proceeding to vacate a public road originated in the County Court of Pettis County. The county court by order entered of record vacated the road. Appellants, who style themselves as remonstrators, appealed to the circuit court. On motion of respondents the circuit court dismissed said appeal. From the order dismissing the appeal, appellants bring the case here.

The statute, Section 10634, Revised Statutes 1919 (now Sec. 7837, R. S. 1929) outlines the procedure to be followed in vacation of a public road, viz.:

"Any twelve freeholders of the township or townships through which a road runs may make application for the vacation of any such road or part of the same as useless, and the repairing of the same an unreasonable burden upon the district or districts; the petition shall be publicly read on the first day of the term at which it is presented, and the matter continued without further proceedings until the next term. Notice of the filing of such petition and of the road sought to be vacated shall be posted up in not less than three public places in such township or townships, at least twenty days before the first day of the next term of the court, and a copy of the same shall be personally served on all the persons residing in said district whose lands are crossed or touched by the road proposed to be vacated in the same manner as other notices are required to be served by law; and at the next regular term the same shall again be publicly read on the first day thereof. If no remonstrances be made thereto, in writing, signed by at least twelve

freeholders, the court may proceed to vacate such road, or any part thereof, at the cost of the petitioners; . . ."

The record shows that the provisions of this statute were complied with. On the first day of the February 1927 Term of the county court, respondents, being twelve freeholders of Cedar Township in Pettis County, filed with the county court of said county, a petition seeking the vacation of the road in question. The petition was publicly read on that day and the cause was continued without further proceedings until the next term. Notice was duly given in accordance with the provisions of the statute. On the first day of the May 1927 Term of the county court the petition was again publicly read and the cause was taken up and considered and the court rendered the following judgment:

"Now the County Court of Pettis County, Missouri, being open and in session takes up the matter of closing a road in Cedar Township as prayed for in a petition filed by W. D. Steele and J. A. DeJarnette, et al. Said road having its beginning and termination as follows: Beginning at the Sedalia and Longwood road about 100 feet east of the bridge over Cedar Creek and running thence; in a northwesterly direction along the north side of Cedar Creek about forty rods, thence in a westerly direction between the lands of J. A. DeJarnette and W. D. Steele about one-half mile to within one foot of the west line of the east one-half of section 22, township 46, range 21, Pettis County, Missouri.

"The court finds that the said petition was filed and publicly read in open court on the first day of February Term thereof and ordered filed until the first day of May Term of County Court of Pettis County, Missouri, and finding that the proof of notices had been posted in three public places in said township at least twenty days before the beginning of the May Term of Court and that a copy of same was personally served on all persons residing in said district whose lands are crossed or touched by the road proposed to be vacated. And now on this second day of May, being the first day of said May Term of Court, 1927, the petition was again publicly read in open court and the court finding that no remonstrance having been filed thereto and finding further that the said road is useless and the repairing of same would be an unreasonable burden upon the district; THEREFORE, it is ordered by the court that said road be closed or vacated as prayed for in said petition."

On application of appellants an appeal was granted from this judgment to the circuit court.

The right of appeal is purely statutory and exists only in cases specified or reasonably implied by the statute. As we interpret the statute providing for an appeal from the judgment of a county court vacating a public road, appellants were not entitled to an ap-

peal in this case. This statute, Section 7837, Revised Statutes 1929 reads:

"In all cases wherein it is sought to vacate a public road for any purpose by petition as now provided by law, there shall exist the right of appeal from the order and judgment so vacating any public road, from the county court to the circuit court by *any party in interest in common as remonstrators, or as an individual affected thereby in any manner,* . . ." (Italics ours.)

This statute provides that two classes of persons shall have the right of appeal, (1) any party in interest in common as remonstrators, and (2) any party in interest as an individual affected in any manner by the judgment vacating the road. We interpret the first clause of the statute as meaning that any freeholder residing in the township through which the road runs, who has remonstrated against the vacation of the road, shall have the right of appeal from the judgment vacating the road, regardless of the character of injury he would sustain by such vacation. This is so because this clause of the statute gives remonstrators the unqualified right of appeal as remonstrators, although their interest be in common and not special or peculiar to themselves. Evidently the lawmakers intended by the second clause of the statute to give the right of appeal to any individual resident of the township, although not a remonstrator, who would sustain a special injury different from what the public at large would sustain by the vacation of the road. We interpret the words of the statute, "As an individual affected thereby in any manner," to mean a person who is *individually affected* in any manner by the vacation of the road and not a person who is affected in common with the general public. To hold that the Legislature intended that any individual who would be affected in any manner by the vacation of the road should have the right of appeal would give every freeholder of the township the right of the appeal, regardless of whether or not he remonstrated against the vacation of the record, because every freeholder of the township would be affected, to the extent at least, that they would be deprived of the right to use the road. If the second clause of the statute gives every freeholder of the township the right of appeal, then the Legislature could have had no purpose in enacting the first clause of the statute which gives remonstrators only the right of appeal. All provisions of the statute should be considered in determining the meaning of any particular portion thereof, and effect given to every part of the statute where it is possible to do so. We construe the statute as giving the right of appeal to any qualified remonstrator or to any person, although not a remonstrator, who would be *individually* affected by the vacation of the road, that is, one who would sustain

a special injury besides what the general public in the township would sustain.

Appellants did not place themselves in a position which would entitle them to an appeal. They did not remonstrate against the vacation of the road. Neither did they show that they would be individually affected thereby, that is, they did not show that they would sustain an injury different from that sustained by the people at large in the township.

The judgment vacating the road was rendered on May 2, 1927, the first day of the next regular term after the filing of the petition. At three o'clock in the afternoon of that day and after the rendition of the judgment, appellants filed with the county court what they style a remonstrance and also filed a motion to set aside the judgment vacating the road. The county court overruled the motion to set aside the judgment and on application of appellants granted an appeal to the circuit court. Appellants' claim is that they were entitled to the entire day of May 2, in which to file a remonstrance, and the court should not have determined the case until after the time for filing the remonstrance expired. We do not agree with this contention. The law does not fix the time in which the remonstrance may be filed. If a statutory remonstrance had been made at any time before the hearing, it would have been sufficient. The statute provides (1) that the petition shall be publicly read on the first day of the term at which it is presented, and the matter continued without further proceedings until the next term, (2) that notice of the filing of the petition shall be given in the manner provided by statute at least twenty days before the first day of the next term of court, and (3) at the next regular term the petition shall again be publicly read on the first day thereof. If no remonstrance be made thereto in writing, the court may proceed to vacate the road, or any part thereof, at the cost of the petitioners.

The language of this statute is plain, emphatic and unambiguous. There is no room for construction. Without doubt, when the petition was publicly read, absent a remonstrance, the court was authorized to proceed at once to vacate the road. Notice of the filing of the petition was given on March 29, 1927. The judgment vacating the road was rendered on May 2, 1927. Appellants had more than thirty days before the first day of the term on which the judgment was rendered in which to file a remonstrance. They again had an opportunity to remonstrate on the day the petition was publicly read and judgment rendered. They have not been denied any right given them by statute, and are not in a position to complain on that account. The belated remonstrance did not constitute the signers thereof remonstrators within the meaning of the statute or authorize them to appeal as such. Neither was there a showing

made that would entitle them to appeal as individuals. We therefore hold that the appeal was properly dismissed.

Appellants make the further contention that the county court did not have jurisdiction of the subject matter of the action. If so, the Circuit Court did not acquire jurisdiction by appeal, and the appeal should have been dismissed for that reason, if for no other.

The judgment of the Circuit Court should be affirmed. It is so ordered. All concur, except *Ragland, J.*, who dissents, being of the opinion that this court is without jurisdiction of the appeal.