STATE OF MISSOURI, AT THE RELATION OF J. K. HENRY AND ESTHER HENRY, RESPONDENTS, v. HARRY CRACRAFT, FRED CLIPPARD AND WILLIE F. MEIER, JUDGES OF THE COUNTY COURT OF CAPE GIRARDEAU COUNTY, APPELLANTS.—168 S. W. (2d) 953.

St. Louis Court of Appeals. Opinion filed March 2, 1943.

*R. P. Smith* for appellants.

*J. Grant Frye* and *Gerald B. Rowan* for respondents.

SUTTON, C.—This is an action in prohibition instituted in the Circuit Court of Cape Girardeau County to restrain the judges of

the county court of said county from entertaining jurisdiction or taking further action in a proceeding pending in said county court for the vacation of a public road in said county. A preliminary order issued. Defendants demurred to the petition. The court overruled the demurrer. Defendants announcing that they would not plead further, the court entered final judgment making the preliminary order absolute and prohibiting the defendants from taking any further action in said proceeding for the vacation of said public road. Defendants appeal.

The petition alleges that, in July, 1940, there was filed in the county court of Cape Girardeau county and duly and timely served on relators a notice of intended application for the vacation of a public road in Applecreek township in said county, signed by Isabel Schmidt and sixteen others; that relators are residents of Applecreek township, and that the road proposed to be vacated runs through and touches upon land owned by them; that relators appeared in the county court and remonstrated against the vacation of said road, and that on February 10, 1941, said county court entered its judgment vacating said public road; that from such judgment of the county court relators duly appealed to the circuit court of Cape Girardeau county; that upon a trial anew in the circuit court it was, on June 24, 1941, adjudged that the judgment of the county court be set aside and for naught held, and that relators be restored to their rights existing before said order was entered by the county court, and that said road remain open as a public road; that afterwards, in September, 1941, another proceeding was commenced by the same parties and twenty-six others in said county court for the vacation of the same public road; that on November 3, 1941, the said judges of the county court, unless sooner restrained, intend to take jurisdiction of the petition filed in said court and intend to pass upon and will pass upon the merits of whether or not said road should be vacated; that such a hearing and decision will be in excess of the jurisdiction of the county court because of the fact that the question of whether or not said road should be vacated is *res adjudicata* in that since the rendition of the judgment by the circuit court, on June 24, 1941, there has been no change in the conditions surrounding said road and no change in relators' condition or the condition of the petitioners with reference to the necessity of said road or with reference to it being an unreasonable burden upon the district, and that the said judgment of the circuit court is conclusive upon the judges of the county court and the defendants herein, and is conclusive upon the petitioners and all other freeholders of Applecreek township.

Defendants insist here that the circuit court erred in overruling their demurrer to relators' petition because under the facts stated in the petition prohibition does not lie. Relators contend that the second proceeding in the county court is barred, under the doctrine of *res*

*adjudicata,* by the judgment in the first proceeding denying the vacation of the public road.

The purpose of the writ of prohibition is to prevent an inferior court from assuming jurisdiction with which it is not legally vested, in cases where wrong, damage, and injustice are likely to follow from such action. It does not lie as a rule for grievances which may be redressed in the ordinary course of judicial proceedings by other remedies provided by law. It is to be used with great caution and forbearance for the furtherance of justice and to secure order and regularity in judicial proceedings and should be used only in cases of extreme necessity. Nor will it ordinarily issue in a doubtful case. In a proper case, however, the use of it should be upheld and encouraged, as it is important to the due and regular administration of justice that each court should confine itself to the exercise of those powers with which under the Constitution and laws of the State it has been intrusted. The writ is proper, not only in cases where the inferior court has no legal authority to act at all, but also in cases wherein such inferior court, although having general jurisdiction over a particular class of cases, has exceeded such jurisdiction in the particular case. The writ may go to confine a court within the limits of its jurisdiction, whether such court has no jurisdiction at all, or is exercising powers in excess of its jurisdiction. Where, however, the inferior court has jurisdiction of both the subject-matter and of the person, prohibition will not lie to correct errors of law or fact for which there is an adequate remedy by appeal or otherwise, whether or not such errors are merely apprehended or have been actually committed. The writ cannot be made to perform the functions of an appeal or writ of error. [State ex rel. Terminal R. Ass'n v. Tracy, 237 Mo. 109, 140 S. W. 888; State ex rel. Kochtitzky v. Riley, 203 Mo. 175, 101 S. W. 567; State ex rel. Abel v. Gates, 190 Mo. 540, 89 S. W. 881; State ex rel. Fenn v. McQuillin, 256 Mo. 693, 165 S. W. 713; State ex rel. Elam v. Henson (Mo.), 217 S. W. 17; State ex rel. Conners v. Shelton, 238 Mo. 281, 142 S. W. 417; State ex rel. McNamee v. Stobie, 194 Mo. 14, 92 S. W. 191; State ex rel. Bernero v. McQuillin, 246 Mo. 517, 152 S. W. 347; State ex rel. Fabrico v. Johnson, 293 Mo. 302, 239 S. W. 844; State ex rel. Jones v. Nolte (Mo.), 165 S. W. (2d) 632; State ex rel. Bromschwig v. Hartman, 221 Mo. App. 215, 300 S. W. 1054; State ex rel. Massman Const. Co. v. Buzard, 346 Mo. 1162, 145 S. W. (2d) 355; State ex rel. Reed v. Harris (Mo.), 153 S. W. (2d) 834; State ex rel. Stone v. Thomas (Mo.), 159 S. W. (2d) 600; State ex rel. Robertson v. Sevier, 345 Mo. 274, 132 S. W. (2d) 961.]

The pertinent provisions of the statute relating to the vacation of public roads are contained in sections 8482 and 8483, Revised Statutes 1939.

Section 8482 reads as follows:

"Any twelve freeholders of the township or townships through which a road runs may make application for the vacation of any such road or part of the same as useless, and the repairing of the same an unreasonable burden upon the district or districts; the petition shall be publicly read on the first day of the term at which it is presented, and the matter continued without further proceedings until the next term. Notice of the filing of such petition and of the road sought to be vacated shall be posted up in not less than three public places in such township or townships, at least twenty days before the first day of the next term of the court, and a copy of the same shall be personally served on all the persons residing in said district whose lands are crossed or touched by the road proposed to be vacated in the same manner as other notices are required to be served by law; and at the next regular term the same shall again be publicly read on the first day thereof. If no remonstrances be made thereto, in writing, signed by at least twelve freeholders, the court may proceed to vacate such road, or any part thereof at the cost of the petitioners; but if a remonstrance thereto, in writing, signed by at least twelve freeholders, residents of such township or townships, be filed, and the court after considering the same shall decide that it is just to vacate such road, or any part thereof, against the vacation of which the remonstrance was filed, the costs shall be paid by the parties remonstrating, and the original costs and damages for opening such vacated road shall be paid by the petitioners to those who paid the same: *Provided,* that if five years have elapsed since the original opening of the same no such reimbursement shall be made."

Section 8483 provides that in all cases wherein it is sought to vacate a public road there shall exist the right of appeal from a judgment vacating the road, from the county court to the circuit court, by any party in interest in common as remonstrators, or as an individual affected thereby in any manner.

*Res adjudicata* is an affirmative defense. It goes to the merits, not to the jurisdiction. It raises issues of fact and maybe issues of law as well. The decision of issues arising on the merits is peculiarly within the jurisdiction and power of the inferior court. It may decide the issues erroneously if it will. To say that the inferior court has jurisdiction to decide an issue and has no jurisdiction to decide it erroneously is a paradox. To say that the court has no jurisdiction to decide an issue erroneously is to say that it has no jurisdiction to decide the issue at all. Likewise, if the court does not act in excess of its jurisdiction in deciding an issue correctly, it necessarily follows that it does not act in excess of its jurisdiction in deciding the issue erroneously. We recognize that there are extraordinary cases in which neither want of jurisdiction nor excess of jurisdiction is essential to authorize prohibition. Such are cases where there is an abuse

of jurisdiction or an exercise of jurisdiction in an oppressive manner. In such cases prohibition lies. But we have no such case here.

Section 8482 outlines the procedure to be followed in the vacation of a public road. A discussion of the provisions of this section as to the essentials of the procedure will be found in De Jarnett v. Tickameyer, 328 Mo. 153, 40 S. W. (2d) 686. If there was a substantial compliance with these provisions in the first proceeding for the vacation of the public road in question here, and there was no subsequent change in the conditions, we think the judgment in the first proceeding becomes *res adjudicata* as to the second proceeding, notwithstanding the petition in the second proceeding may be signed by twelve or more freeholders who were not parties to the petition filed in the first proceeding. But the issues thus raised are clearly for the decision of the county court. It has full jurisdiction and power to decide the same. If its decision is wrong, it is a matter of error and not of jurisdiction, and the relators have their remedy by appeal.

The Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded to said court with directions to discharge its preliminary order.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded to said court with directions to discharge its preliminary order. *Hughes, P. J.*, and *McCullen* and *Anderson, JJ.*, concur.