**STATE of Missouri ex rel. DEERING MILLIKEN, INC., Relator,**

v.

**Honorable Vernon W. MEYER, Judge of the Circuit Court of the City of St. Louis, State of Missouri, Respondent.**

No. 33490.

St. Louis Court of Appeals, Missouri.

Jan. 20, 1970.

Lewis, Rice, Tucker, Allen & Chubb, W. J. Taylor, Jr., Dominic Troiani, St. Louis, for relator.

Greensfelder, Hemker, Wiese, Gale & Chappelow, Walter L. Wittenberg, St. Louis, for respondent.

ORIGINAL PROCEEDING IN PROHIBITION

WEIER, Commissioner.

Relator, Deering Milliken, Inc., seeks to make absolute our preliminary writ of prohibition. By such action, respondent judge would be prevented from proceeding further in an action wherein H. S. Gale, Inc., defendant below, seeks relief by counterclaim in a suit brought by relator to register a judgment of the Supreme Court of New York against defendant.

The facts presented by the pleadings and papers in the file illuminate the controversy. Milliken and Gale deal in dry goods. On February 16, 1966, a contract of sale was executed by the two companies whereby Gale agreed to buy and Milliken agreed to sell 300 pieces of fabric. After initial shipments, $13,959.52 was paid Milliken. Following receipt of approximately 200 pieces, defendant Gale complained to Milliken, stating that the merchandise was defective and not suitable for the purpose for which Gale had bought it. On January 19, 1967, Milli-

ken made a demand for arbitration in accordance with the terms of the contract. Milliken asserted a claim for $15,659.14, with interest and the cost of arbitration, with alternative relief in the amount of the net loss if Milliken decided to resell any goods for Gale's account. Gale filed an answer and counterclaim dated February 17, 1967, alleging the defectiveness of the fabric and its unsuitability for the purpose for which it was purchased. Defendant claimed damages of $4,361.56.

A hearing was held before the arbitrators on December 14, 1967. Thereafter, on December 21, 1967, they issued their award to Milliken in the sum of $18,258.49 which included $15,504.79 for unpaid invoices, $1,353.70 for interest and $1,400.00 for loss on resale of the balance of the fabric which Gale refused to accept. This award was reduced to judgment in the Supreme Court of the State of New York on February 26, 1968, by default, in the total amount of $18,843.66.

The Circuit Court of the City of St. Louis became a new forum for the controversy on May 16, 1968, when Milliken filed its petition to register the judgment in this court. On August 18, 1968, Gale filed its answer and a counterclaim, which were later amended. Milliken moved to strike the counterclaim and the affirmative matters alleged in the answer. Reasons given were that the defensive matters related to the same facts and issues upon which the judgment was based and they either have been, or should have been, litigated in the New York proceeding. By reason of this, Milliken said res adjudicata applies and Gale may not relitigate these matters. Milliken further asserted that the counterclaim failed to state a claim upon which relief could be granted. At the same time Milliken moved to strike, it also moved for summary judgment for the reason that there was no genuine issue as to any material fact and it was entitled to judgment as a matter of law.

Gale, by its answer, as amended, admitted the New York judgment; denied, on insufficient knowledge, any entries by the New York court subsequent to the entry of judgment; and then adopted the averments of its counterclaim as an affirmative defense and offered judgment in accordance with the terms of the counterclaim. The counterclaim, as amended, related the facts as to the contract of sale. It then alleged a course of dealing with Milliken concerning 115 pieces of fabric which Gale had received and which had been returned to Milliken in accord with Milliken's instructions. Gale said that Milliken was to sell these pieces in order to mitigate or hold down the damages in the suit brought against Gale. But, or so it is alleged, these 115 pieces were never sold and Milliken retained possession of them, despite its previous announced intention to sell and apply the proceeds to the judgment. Gale wants to apply the value of these pieces as established by the arbitrators' award to the judgment in Count I of his counterclaim and in Count II seeks damages for conversion of the 115 pieces.

At no place did Gale raise any issue as to the validity of the New York judgment.

On December 23, 1968, respondent judge overruled the motion to strike the counterclaim and motion for summary judgment. Our intercession by preliminary writ followed.

Milliken now urges that the action of the judge in overruling the motion to strike the counterclaim is error because by so doing he is allowing Gale to raise an issue which is precluded by the New York judgment under the full faith and credit clause (Art. IV, Sec. 1) of the United States Constitution. This issue, according to relator, is whether Milliken had a duty to Gale to mitigate damages and failed to perform this duty. Relator contends this issue was litigated in the original arbitration, finally determined in the judgment, and cannot now be raised. Gale, on the other hand, contests this theory by saying that relator is relying on the doctrine of res adjudicata, as specifically stated and set forth in its motion to dismiss. This is an affirmative defense addressed to the merits of the counterclaim. Thus Gale argues the lower court has complete jurisdic-

tion to rule on the pleadings and after hearing the evidence, render judgment.

We recognize that under the full faith and credit clause of the Constitution of the United States, Art. IV, Sec. 1, the judgment of relator obtained in New York is conclusive on the parties in this state. It is improper to permit any inquiry as to the merits of the action which support it, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. Gibson v. Epps, Mo.App., 352 S.W.2d 45, 47; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278. A counterclaim which goes to the merits of the cause on which judgment was rendered may not be interposed in a suit to establish a foreign judgment in this state. Such was the issue in Gibson v. Epps, supra, where a counterclaim was dismissed because it showed on its face to be a claim arising out of the same automobile collision that gave rise to the foreign judgment. But this case was an appeal from the judgment of dismissal. It was not prohibition.

■ We must be ever mindful of our position of authority in the area of remedial writs. We are being called on here to make permanent a writ of prohibition which would prevent the trial court from proceeding further. Prohibition goes directly to the question of jurisdiction of the lower court. Its purpose "is to prevent an inferior court from assuming jurisdiction with which it is not legally vested, in cases where wrong, damage, and injustice are likely to follow from such action. It does not lie as a rule for grievances which may be redressed in the ordinary course of judicial proceedings by other remedies provided by law. It is to be used with great caution and forbearance for the furtherance of justice and to secure order and regularity in judicial proceedings and should be used only in cases of extreme necessity. Nor will it ordinarily issue in a doubtful case." State ex rel. Henry v. Cracraft, 237 Mo.App. 194, 168 S.W.2d 953, 954.

■ In a proper case, prohibition may be used to prevent a trial court from proceeding further after overruling a motion to dismiss, where such an order indicates the court will consider matters in excess of its jurisdiction. State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W.2d 73. But in the case before us, res adjudicata is pleaded as grounds for the motion to strike. This does not go to the jurisdiction of the court. Again quoting State ex rel. Henry v. Cracraft, supra, 168 S.W.2d p. 955:

"Res adjudicata is an affirmative defense. It goes to the merits, not to the jurisdiction. It raises issues of fact and maybe issues of law as well. The decision of issues arising on the merits is peculiarly within the jurisdiction and power of the inferior court. It may decide the issues erroneously if it will. To say that the inferior court has jurisdiction to decide an issue and has no jurisdiction to decide it erroneously is a paradox. To say that the court has no jurisdiction to decide an issue erroneously is to say that it has no jurisdiction to decide the issue at all."

(See also State ex rel. Schoenbacher v. Kelly, Mo.App., 408 S.W.2d 383, 395 [19]; State ex rel. Allen v. Yeaman, Mo.App., 440 S.W.2d 138, 145 [6-13].)

■ Relator also complains of the action of the trial court in overruling its motion to strike Count II of the counterclaim because this count fails to state a claim upon which relief can be granted. Again for the same reasons heretofore expressed, we cannot interpose our judgment to determine whether the respondent judge properly ruled this motion. By prohibition we would be substituting our judgment for that of the trial court in a matter in which the lower court has full right to make a decision, whether right or wrong.

Rule 74.79(h), V.A.M.R. (same as Sec. 511.760, RSMo 1959, V.A.M.S., Uniform Enforcement of Foreign Judgment Laws) provides that any defense, set-off or counterclaim which may be asserted by defendant under the law of Missouri may be raised by him in an action on the foreign judgment. Issues raised thereby are required to

be tried and determined as in other civil actions. Facts may have been, or may hereafter be pleaded and proven which show a new and different relationship between the parties. New duties or obligations may have been created by this new relationship which were not at issue in the New York proceeding. A breach of such duties or obligations may have occurred since then. A valid claim may or may not be asserted, but we are in no position to decide such question in this proceeding.

The third contention of relator that respondent judge erred when he overruled relator's motion for summary judgment is likewise no reason for our intervention by prohibition. We cannot interpose our judgment as a referee each time a court of competent jurisdiction rules on a motion properly before it. Our concern must remain only in the area of an improper exercise of jurisdiction.

The preliminary writ of prohibition is dissolved.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the preliminary writ of prohibition is dissolved.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.