Henry KOHN, as Trustee in Bankruptcy of Autocue Sales & Distributing Corp., Plaintiff,

v.

TELEPROMPTER CORPORATION, TELE–Q CORPORATION, Defendants and Autocue Company, Inc. and Lawrence H. Merchant, Defendants-Third-Party-Plaintiffs (Q–TV, Inc., Gotham Broadcasting Corporation, J. Elroy McCaw, John H. Teeter, James J. Quinn, Jerome Farmer, Stanley A. Train, Samuel Elgort, Herbert A. Fearnhead and Phyllis Benson, Third-Party-Defendants).

United States District Court
S. D. New York.
April 14, 1958.

Helfat & Helfat, New York City, Bernard A. Helfat, New York City, of counsel, for plaintiff.

Loughran, Walsh & Condello, New York City, Nicholas F. Lopes, New York City, of counsel, for Autocue Co., Inc. and Lawrence H. Merchant, defendants-third-party-plaintiffs.

Abberley, Kooiman & Amon, New York City, Frank Marcellino, Brooklyn, N. Y., of counsel, for third-party-defendants Q-TV, Inc., James J. Quinn, Jerome Farmer, Stanley A. Train, Samuel Elgort and Phyllis Benson.

Frederic A. Johnson, New York City, for third-party-defendants Gotham Broadcasting Corp., J. Elroy McCaw and Herbert G. Fearnhead.

Gallop, Climenko & Gould, New York City, for third-party-defendant John H. Teeter.

DIMOCK, District Judge.

These are motions by plaintiff and third-party defendants to vacate an ex parte order, granting leave to defendants Autocue Company, Inc., and Lawrence H. Merchant, hereinafter third-party plaintiffs, to serve a third-party complaint pursuant to Rule 14(a), and to dismiss the third-party complaint for failure to state a claim upon which relief can be granted.

Analysis of the pleadings is necessary to consideration of the motion to vacate.

Plaintiff's complaint alleges a conspiracy in restraint of trade and an attempt to monopolize the cueing and prompting business under sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. The illegal acts are alleged to have occurred in the period from September to December, 1956 during the pendency of the proceeding under which Autocue Sales was adjudicated a bankrupt. Many acts are enumerated but the essence of the conspiracy appears to have been an alleged agreement, before the adjudication in bankruptcy of Autocue Sales in December, 1956 between Merchant, as president of Autocue Sales, and Teleprompter, alleged to be the only major competitor of Autocue Sales. Pursuant to this agreement it is charged that Merchant turned over to Teleprompter the business of Autocue Sales consisting of employees, accounts receivable, records, and equipment.

It is difficult to determine the gravamen of the third-party complaint; it does not allege what statute, if any, the suit is brought under. Paragraph 24 states that the "Third Party Defendants entered into a combination and conspiracy to either (a) wrest and take over control of Autocue Sales * * * or (b) ruin and destroy Autocue Sales, Autocue Company and Merchant * * * so as to eliminate them as competitors".

The individual third-party defendants are alleged to have organized Q-TV, Inc., a competitor of Autocue Sales in the cueing business, and are alleged in paragraph 25 to have damaged Autocue Sales through defamation, misrepresentation, and the inducing of others to break contracts with plaintiff, and through many other acts in pursuance of the conspiracy in the previous count. The illegal acts allegedly began in February, 1956 and culminated in the involuntary petition in bankruptcy of Autocue Sales in November 1956. The third-party defendants allegedly continued their conspiracy after the adjudication in bankruptcy by "sabotaging the efforts of the trustee".

It is clear that a substantial part of the complaint, whether or not it states a sufficient claim, alleges acts which directly injured Autocue Sales. Rule 14 (a) does not provide for impleading a party who is or may be liable to plaintiff directly.[1] A plaintiff cannot be forced to bring an action against a person whom it does not wish to sue. The direct liability

---

[1] A provision for service of a third-party complaint upon a person who is or may be liable "to the plaintiff" was eliminated by amendment in 1946. 10 F.R.Serv. ci.

of the third-party defendants to plaintiff, if any, is therefore not a proper basis for impleader in this action. Goddard v. Shasta S. S. Co., D.C.W.D.N.Y., 9 F.R.D. 12; Higgins v. Shenango Pottery, D.C. W.D.Pa., 12 F.R.D. 510, 514.

The third-party complaint also alleges liability to the third-party plaintiffs. That is sufficient ground for service of a third-party complaint only if the third-party defendant "is or may be liable to him for all or part of the plaintiff's claim against him." Rule 14(a), F.R. Civ.P. The courts have gone far to permit third-party claims in order to avoid multiplicity of actions even though the claim is based on a different theory from that alleged in the original complaint and the third-party complaint introduces new factual issues. American Fidelity & Casualty v. Greyhound Corp., 5 Cir., 232 F.2d 89; United States v. Scott, D.C.S.D. N.Y., 18 F.R.D. 324. In these cases, however, the facts involved in the third-party claim were substantially the same as in the original claim and there was the element of passing on to the third-party defendant liability for the claim against the third-party plaintiff.

The liability alleged in the third-party complaint here is not at all dependent upon the liability of third-party plaintiff. Not a fact is pleaded which would indicate that, if the third-party plaintiff were found liable for the claims in the original complaint, this would in any way affect the possible liability of third-party defendants. The conspiracies alleged in the two complaints appear to be based upon unrelated events which occurred at different times.

I suppose that, on the analogy of the rule as to the sufficiency of a complaint, the third-party complaint should be permitted to stand if, "under any state of facts which could be proved in support of it", see 2 Moore's Federal Practice, 2d Ed., § 12.08, p. 2245, a claim could be established under which a third-party defendant was or might be "liable to [the third-party plaintiff] for all or part of

the plaintiff's claim against him". Perhaps it would be enough if the third-party complaint stated the conclusion that third-party defendants were or might be liable for all or any part of plaintiff's claim against third-party plaintiff, but the third-party complaint does not state even that conclusion.

Third-party plaintiffs rely upon cases decided under section 5 of Title 15 U.S.C. which permits joinder of all persons where the ends of justice require it but that section applies only to anti-trust suits brought by the United States. State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 467, 65 S.Ct. 716, 89 L.Ed. 1051.

It is clear from analysis of the two complaints that the third-party complaint alleges a separate and independent claim. See United States v. Scott, supra, 3 Moore's Federal Practice, 2d Ed., § 14.-07, pp. 418–419. No reason appears why it should be tried with the claims alleged in the original complaint. The motion to vacate the ex parte order permitting service of the third-party complaint is granted. It is therefore unnecessary to pass on the motion to dismiss for failure to state a claim.

So ordered.

