STATE of Missouri ex rel. C. F. JACOBS AND COMPANY, a Corporation, d/b/a A– Air Heating and Cooling Company, Relator,

v.

Honorable John J. KELLY, Jr., Presiding Judge of the Assignment Division of the Circuit Court of St. Louis County, Respondent.

No. 30471.

St. Louis Court of Appeals.

Missouri.

May 17, 1960.

Schomburg & Marshall and James B. Herd, Brentwood, and Ralph Curry, St. Louis, for relator.

George J. Bagot, Clayton, for respondent.

SAM C. BLAIR, Special Judge.

This is an original action in prohibition to prohibit the respondent Judge from trying an action against the relator as a third-party defendant.

On or about January 9, 1957, Arthur and Lorene Meagher and Robert and Ellen Welch filed suit in the Circuit Court of St. Louis County, Cause No. 216247, against Bach Company, its agents and owners.

The plaintiffs' petition alleged that, in the sale of certain houses to the plaintiffs, the defendants made fraudulent representations to the plaintiffs respecting the type, caliber, and installation of certain equipment in the houses; amongst others, the plaintiffs alleged fraudulent representations respecting the size of septic tanks, the type and installation of septic filter fields, the adequacy of the heating systems, the guarantees with respect to the heating systems, the type of insulation, the quality of hardware and electrical fixtures, and the general construction of the houses. The plaintiffs' petition further alleged that the plaintiffs purchased in reliance upon the representations of the defendants, that the defendants knew the representations to be false, and that the plaintiffs had been damaged by the fraud. The plaintiffs' prayer requested both actual and punitive damages against the respective defendants in the amount of $20,000.

Thereafter, the defendant, Bach Company, Realtors, applied for and was granted leave to implead the relator, C. F. Jacobs and Company, as a third-party defendant. In his original third-party petition, the defendant alleged that the relator, while acting as the defendant's subcontractor, breached certain written construction contracts dealing with the items involved in the original action brought by the plaintiffs. The defendant further alleged that, as a result of the alleged subcontract breaches, the relator third-party defendant was liable to the defendant in the amount of whatever judgment be rendered against it on the original petition.

Subsequently, the defendant amended his third-party petition by interlineation to include an allegation of fraud in that the relator made false representations with respect to his subcontract calculations and recommendations regarding the various types and sizes of the "furnace, septic tanks, and other equipment" installed by the relator under his subcontract. According to this amendment the representations were made by the relator in entering into the written construction contract with the defendant as set forth in the third-party petition.

Relator, third-party defendant, made timely motion to dismiss the third-party petition, and upon being overruled filed an answer and counterclaim. Relator states that he has exhausted his pretrial motions and has no other available adequate remedy. His contention is that upon the face of the pleadings it is clear that the claim asserted in the plaintiffs' petition against the defendant arose out of the sale of the houses involved, i. e., fraudulent statements made with knowledge of the falsity by the defendant to the plaintiffs, with plaintiffs' purchase of the houses and consequent damage made in reliance thereon. The third-party claim, relator urges, is shown by the pleadings to arise out of a breach of the contract for construction of these houses between the defendant and the third-party defendant under the original third-party pleading and/or to arise, under the third-party pleading, from fraudulent representations made to the defendant by the third-party defendant which induced the defendant to enter into the contracts with the third-party defendant. Thus, he insists, the cause of action asserted in the third-party petition and that asserted in plaintiffs' petition are, in law and in fact, separate claims totally unrelated and therefore do not present proper subjects for third-party practice under Section 507.080 RSMo 1949, V.A.M.S. Relator prays our writ to prohibit respondent from proceeding with plaintiffs' action until the third-party petition has been dismissed.

Section 507.080, RSMo 1949, V.A.M.S., provides:

"1. Before filing his answer, a defendant may move ex parte or, after the filing of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to file a petition and serve a summons upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of

the plaintiff's claim against him. If the motion is granted and the petition is filed and summons served, the person so served, herein called the third-party defendant, shall make his defenses, counterclaims and cross-claims against the plaintiff, or any other party as provided in this (civil) code. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this section against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant.

"2. When a counterclaim is asserted against a plaintiff, he may cause a third-party to be brought in under circumstances which under this section would entitle a defendant to do so. (L.1943 p. 353 § 20) Mo.R.S.A. § 847.20."

There can be no doubt but that the amendment the court permitted the defendant to make to its third-party petition presented an allegation of fraud. That amendment reads:

"By leave, Third-Party Plaintiff amends its third-party petition by interlineation by inserting after the word 'fields' in line 4 of paragraph 6 thereof the following: that it was qualified to make calculations and recommendations of necessary installation in and for the buildings in question, including the types and sizes of furnaces and septic tanks and other equipment, and that it would properly install furnaces, heating systems and septic tanks to adequately service said buildings; that said representations were made recklessly and were false, were known by Third-Party Defendant to be false when made and were made to induce Third Party Plaintiff to enter into said contracts; that Third Party Plaintiff relied upon said representations in entering into said contracts, and was thereby induced to enter into said contracts."

It is far from clear that there is an allegation for breach of contract in the defendant's third-party petition as relator contends. In any event there was no effort to separate the two theories, breach of contract and fraud in the inducement of the contracts, into separate counts. Paragraph 9 of the amended third-party petition states:

"9. Third-Party Plaintiff further states that by reason of the facts hereinabove stated, Third-Party Defendant is liable to it for all expenses, loss and damage and all court costs and attorney's fees which may have been or may hereafter be incurred or suffered by it by reason of inadequate plumbing and heating equipment or faulty installation of plumbing and heating equipment as set out above."

However, that paragraph, while conceding its confusing nature, can be said to state a claim for breach of contract if read in connection with the other paragraphs of the amended third-party petition and the amendment above set out. There is no allegation anywhere in the amended third-party petition that the contract was breached or the work improperly done under the contract. Paragraph 7 of the amended third-party petition states that "*Plaintiffs* in this action have alleged that the septic tanks and furnaces * * * are inadequate, and that the septic tanks and filter fields are improperly installed."

(Emphasis supplied.) By reading Contracts C and D which contain a guarantee as to what the heating installations will do, a somewhat nebulous allegation of breach of contract can be discerned. The relator's contention that the third-party petition states a claim for breach of contract is sound. A fair reading of the amended third-party petition leads to the conclusion that the petition, both before and after amendment, was based upon fraud, and upon an alleged breach of contract.

But this does not dispose of the matter. The question remains: In an action by plaintiffs alleging that defendants knowingly made fraudulent representations as to the size, adequacy and proper installations of furnaces and septic tanks in houses which plaintiffs purchased in reliance on such representations, can defendant properly interplead the third party who constructed and installed the septic tanks and furnaces by a petition alleging that the third party fraudulently represented to defendant its qualifications "to make calculations and recommendations of the necessary installations" of such septic tanks and furnaces, that it would properly install the same, and that defendant entered into a contract for such septic tanks and furnaces with the third-party defendant in reliance thereon? The question is actually one of fact and not of law, and there is little difference between the parties here as to what the law is. In the third-party petition defendant prays for judgment as to the third party for whatever judgment should be rendered against the defendant in plaintiffs' action.

■ To state the question is almost to answer it. Assume the plaintiffs prevail against the defendant. This would mean that it was found that defendant did make knowingly fraudulent representations to the plaintiffs as to the adequacy, size and construction of the septic tanks and furnaces, causing plaintiffs to purchase the houses. There is no theory whereby it would follow that the third-party defendant is, from and by that finding, liable to the defendant for making knowingly fraudulent representations to defendant as to third-party defendant's qualifications to make calculations and representations as to the size, etc., of the septic tanks and furnaces or as to their proper installation, causing defendants to enter into the contract with the third-party defendant nor for breaching the contract between them. It follows that this interpleader cannot be sustained under the theory that the third-party defendant is liable to the defendant for the claim plaintiff asserts against defendant. Neither can interpleader be sustained on the ground that defendant is not liable to plaintiff but third-party defendant is. This could not be, under the pleadings. There is no allegation of any representations by the third-party defendant to plaintiff, and there was no contract between them. Yet those two claims are the basis for third-party actions in our practice.

"* * * Section 20 contemplates the bringing in by the defending party of a third party in two situations, (1st) where the defendant claims that the third party is or may be liable to him, the defendant, *for the claim asserted against him in* the action; or (2nd) where the defendant claims that he is not liable to the plaintiff *for the claim asserted against him,* but that the third party is * * *." (Italics added.) Ruddy, Joinder of Parties, Claims and Counterclaims, Journal of the Missouri Bar 85, No. 6, June 1945, p. 92g."

There is also some contention by the parties in their suggestions that the provisions of Section 507.040 might apply, provided there was a finding that these claims arose out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action. Section 507.040 RSMo 1949, V.A.M.S., provides.:

"1. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising

out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"2. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice. (L.1943, p. 353 § 16)."

█ It is clear that the defendant here did not rely upon Section 507.040, supra, but instead proceeded under the normal third-party practice as provided by Section 507.-080. However, it is clear that even if he can be said to proceed under Section 507.040 he is still not entitled to bring in this third party as a defendant. It is obvious that the claims do not arise out of the same transaction, occurrence or series of transactions or occurrences. The first transaction was the contract for the building of the houses and the installation of the furnaces and septic tanks. Some months later, the second transaction occurred, the sale of the house. Not only are they widely separated in time but their character is so different that they cannot be said to come under this provision of Section 507.040, supra. More-

over, there is no common question of law or fact. It is true that there is an allegation of fraud in both the plaintiffs' petition and in the third-party petition, but the fraud alleged is not the same, and separate findings will have to be made as to each of the frauds alleged. Of course, there is no way that any finding as to breach of contract in the third-party petition can be of importance in the plaintiffs' petition, which has no allegation in it except that of fraud.

The subject matter of the actions is the same, i. e., houses, a house. But that is not sufficient to bring the third-party petition in this case under the provisions of the statute set out herein.

While the new rules of civil procedure will not go into effect until April 1, 1960, it is interesting to note that Section 52.10 of the new rules corresponds to Section 507.080, supra, and makes certain changes. For our purpose the main change is that Section 507.080 provides that a defendant may move for leave as a third-party plaintiff to file a petition and serve a summons upon a person not a party to the action "who is or may be liable to him *or to the plaintiff* for all or part of the plaintiff's claim against him." The new rule reads in this respect that a defendant may move for leave as a third-party plaintiff to serve a summons and a petition upon a person not a party to the action "who is or may be liable to him * * * for all or part of the plaintiff's claim against him."

The words "or to the plaintiff" have been taken out, thereby requiring the third-party defendant to be liable to the defendant. There is also a change in that section limiting the right of execution against the third-party defendant, but that is not pertinent to our inquiry.

The inescapable conclusion is that this third-party petition is not authorized under any of the provisions of our statutes, and the court's threatened action in requiring the relator to proceed with the third-party

claim in the same action is in excess of his jurisdiction. Our conclusion is that the provisional rule should be made absolute. It is so ordered.

ANDERSON and RUDDY, JJ., concur.