STATE of Missouri, ex rel. the JUNIOR COLLEGE DISTRICT OF ST. LOUIS, ST. LOUIS COUNTY, Missouri, a body corporate and subdivision of the State of Missouri, Relator,

v.

The Honorable Michael F. GODFREY, Judge of Division No. 1 of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 33790.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

As Modified March 8, 1971.

Armstrong, Teasdale, Kramer & Vaughan, Bruce E. Woodruff, Justin C. Cordonnier, Thomas E. Wack, St. Louis, for relator.

Lewis, Rice, Tucker, Allen & Chubb, Dominic Troiani, Joseph H. Weyhrich, St. Louis, for respondent.

BRADY, Presiding Judge.

This original proceeding for prohibition tests the jurisdiction of the trial court in "third-party practice".

Relator contracted with the Robert Paulus Construction Company to perform certain work on one of relator's campuses. Included in the contract was a provision for liquidated damages with respect to certain work in the event it was not finished on time. Paulus subcontracted with one Bodine, the original plaintiff in this action, to perform a part of the work. Bodine filed an action against Paulus reciting his performance of this contract and alleging refusal by Paulus to pay the balance of $14,256.19 due and owing on the contract. In his answer Paulus admitted that he owed Bodine some money but filed a counterclaim as a setoff. The counterclaim was in four counts. The first recited that Bodine had failed to construct a running track in accordance with the plans and specifications of the subcontract and that Paulus as general contractor had had to reconstruct the track at a cost of $13,716.54. In this count Paulus alternatively alleged that if Bodine was not to blame for the defective condition of the running track then the relator had been unjustly enriched in that amount and the work Paulus did qualified as an extra under the contract between him and relator and justified extra compensation to be paid

him thereunder by relator. In the second count Paulus alleged that Bodine is liable under the contract with Paulus in the amount of $15,800.00 as liquidated damages for delay in completing certain work. In connection therewith Paulus asserts the relator has withheld this amount as liquidated damages under the general contract and that Bodine is therefore responsible to Paulus for this amount under the terms of the contract between them. In this count Paulus alternatively alleges that the provisions for liquidated damages in its contract with the relator are void and unenforceable, and prays that relator pay Paulus the $15,800.00 which it is withholding. Count III of Paulus's counterclaim runs solely against Bodine for failing to grade certain parking lots in accordance with the terms of its subcontract with Paulus. The last count was solely against the relator in the sum of $45,430.77 for moneys alleged to be due and owing to Paulus under its general contract with relator.

Upon service of Paulus's counterclaim relator filed a motion to dismiss it from the case on the theory the counterclaim was available to defendant only against the original plaintiff Bodine and that relator could not be brought in as a defendant in that fashion. Relator's motion was sustained. Thereafter Paulus moved for leave to file a third-party petition against relator attaching thereto a copy of the petition it proposed to file. The three counts of this third-party petition are substantially identical to Counts I, II and IV of the previously filed counterclaim and for that reason need not be set out herein. Relator's motion to dismiss the third-party petition was overruled by the respondent whereupon relator petitioned for the issuance of our writ of prohibition on the ground that its joinder by way of a third-party petition was improper and thus respondent would be acting in excess of his jurisdiction if he overruled the motion to dismiss. We issued our preliminary writ and in due time, proper pleadings having been filed, the matter was briefed and heard by this court.

If respondent has in fact acted in excess of his jurisdiction this court may prevent the enforcement of his ruling by a writ of prohibition. State ex rel. Lesliy v. Aronson, Mo.App., 362 S.W.2d 61, l. c. 62, and cases there cited. It is apparent that an order denying relator's motion to dismiss is not appealable and it follows that prohibition is the only proper remedy to prevent the respondent from exceeding his jurisdiction if he is in fact doing so. There is no factual dispute in the case and the question of respondent's jurisdiction and right to proceed is one of law properly for determination in a prohibition proceeding. State ex rel. Uthoff v. Russell, Mo.App., 210 S.W.2d 1017. In overruling relator's motion to dismiss respondent of necessity based his ruling upon an interpretation of Civil Rule 52.10(a), V.A.M.R. In its pertinent part this rule provides: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and petition upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

We are favored with excellent briefs from counsel on both sides of this controversy. From them we discern that the relator contends the issue is whether Paulus (defendant, third-party plaintiff) has asserted in his third-party petition a claim against relator which arises from Bodine's (plaintiff) claim againt Paulus. Respondent contends that he is within his jurisdiction in overruling relator's motion to dismiss the third-party petition for the reason that Bodine's claim against Paulus and Paulus's claim against relator as stated in Counts I and II of the third-party petition arise out of the same facts and transactions and Paulus's right to recover against relator on those same counts is dependent upon his right to recover against Bodine.

In State ex rel. C. F. Jacobs & Co. v. Kelly, Mo.App., 335 S.W.2d 493, l. c. 496, this court held that Civil Rule 52.10(a), V.A.M.R., " " " * * * contemplates the bringing in by the defending party of a third party in two situations, (1st) where the defendant claims that the third party is or may be liable to him, the defendant, *for the claim asserted against him in* the action; or (2nd) where the defendant claims that he is not liable to the plaintiff *for the claim asserted against him,* but that the third party is * * *." (Italics added.) Ruddy, Joinder of Parties, Claims and Counterclaims, Journal of the Missouri Bar 85, No. 6, June 1945, p. 92g.' " Such a ruling is in accord with the federal cases interpreting Rule 14 of the Federal Rules of Civil Procedure which so far as subdivision (a) is concerned is identical to our rule. In Moore's Federal Practice, Volume 3, Second Edition, p. 502, in commenting on this rule the author states: "Before the various situations in which Rule 14 may be employed are outlined, it is well to make clear just what the Rule is and is not intended to do. The Rule provides in its first sentence that 'a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.'* Impleader is not permissible unless these conditions are complied with; it is not a device for bringing into an action any controversy which may happen to have some relationship with it. * * *" Moore goes on to say, at page 512: "But a defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim; there must be an attempt to pass on to the third party all or part of the liability asserted against the defendant." In Kohn v. Teleprompter Corporation, Tele-Q Corp., D.C., 22 F.R.D. 259, at 261, the court held: " * * * The courts have gone far to permit third-party claims in order to avoid multiplicity of actions even though the claim is based on a different theory from that alleged in the original complaint and the third-party complaint introduces new factual issues.

**4**

American Fidelity & Casualty v. Greyhound Corp., 5 Cir., 232 F.2d 89; United States v. Scott, D.C.S.D.N.Y., 18 F.R.D. 324. In these cases, however, the facts involved in the third-party claim were substantially the same as in the original claim and there was the element of passing on to the third-party defendant liability for the claim against the third-party plaintiff."

To the same effect was the ruling in Geborek v. Briggs Transportation Company, D.C., 139 F.Supp. 7. In Hipp v. Kansas City Public Service Co., Mo.App., 237 S.W.2d 928, 1. c. 930–931, it was held that the defendant may bring in third parties who are or who may be liable to defendant in connection with a claim growing out. of defendant's liability on plaintiff's pleaded cause of action. It follows from the above authorities that the critical question is whether Paulus has asserted in his third-party petition a claim against relator which arises from Bodine's claim against Paulus.

Respondent tacitly admits the authorities and cases interpreting the federal rule would require our ruling against his contentions in this case. But respondent contends that such authorities are not applicable in Missouri in view of the decision in Gabel-Lockhart Co. v. Gabel, 360 Mo. 518, 229 S.W.2d 539. Respondent contends that in Gabel the court affirmed a judgment on a third-party petition for sums which the plaintiff was not seeking to recover from the defendant. It further urges that in any event Paulus is not asserting an entirely separate claim against relator, but, to the contrary, the claims Paulus assert against relator are intimately related to and involved in the merits of the controversy between Bodine and Paulus. We dispose of the last contention by reference to Kelly, Hipp, Kohn and Geborek. Gabel does not substantiate respondent's first contention. It is true the result in that case was to allow a third-party plaintiff to recover from a third-party defendant an amount in excess of that for which he might be liable to the original plaintiff. The point is that the court reached that result on the ground the third-party plaintiff was first seeking to recover from the third-party defendant on his own liability to the original plaintiff and then, in addition, for the funds owing him from the third-party defendant under the same contract. In Gabel the petition stated that if the plaintiff company should obtain a judgment against Gabel as defendant the third-party claimant had a claim against Lockhart, the third-party defendant, for the amount of such judgment. In the instant appeal Paulus asserts no claim against relator based upon Bodine's pleaded cause of action. In neither Count I nor Count II does he make any contention that any sums for which he might be liable to Bodine are also relator's liability. His pleading is in the alternative against either plaintiff or the third-party defendant. In addition, it should be noted that Bodine pleaded facts relating only to his contract with Paulus. His pleading contains no allegations going to Paulus's claims against relator based upon Paulus's performance of his separate contract with relator. We hold that respondent has no jurisdiction to entertain the third-party petition.

■ The remaining point to be disposed of is advanced by respondent. It is contended that in the event the preliminary writ is made absolute this court should then direct the lower court to grant Paulus leave to re-file his counterclaim against relator. This procedure is urged on the ground the relator's motion to dismiss Paulus's counterclaim as to it was erroneously sustained. We cannot rule that issue in this proceeding. This is an original proceeding for prohibition to test the jurisdiction of the trial court. We are not privileged in such actions to consider allegations of error. Respondent cites numerous cases which it contends state a contrary rule and places his principal reliance on State ex rel. Dunlap v. Higbee, 328 Mo. 1066, 43 S.W.2d 825. Higbee does not support respondent's contention. That case involved a situation where the appellate court recognized that it had improvidently granted the preliminary

writ in prohibition for the reason that the issue presented was one of error rather than of jurisdiction, but having granted the writ the court held it would go on to determine the question of error. Another case relied upon by respondent is Se-Ma-No Elec. Co-op v. City of Mansfield, Mo.App., 321 S.W.2d 723. However, in that case a reading of the opinion will disclose that the trial court had not considered and ruled upon the alleged error which was urged could be considered under the writ of prohibition.

Neither of these cases rule the instant case nor does any other upon which respondent relies support its position. In this matter, contrary to Higbee, we are not confronted with a writ improvidently issued but one which we herein rule absolute. If the trial court has jurisdiction, it has jurisdiction to commit error, the correction of which must await a proper appeal. In Mansfield the trial court had not yet ruled. In such a situation the appellate court could then properly give directions to the trial court in keeping with the jurisdictional matters decided in the writ of prohibition. In the case at bar the trial court has ruled and to consider in this proceeding whether it correctly did so would be to convert the proceeding in prohibition into an appeal. This we cannot do.

Our preliminary writ prohibited the trial court from action in any phase of this case pending our final rule. This was necessary to prevent possible prejudice to any of the parties by action taken in the main case prior to determination of the availability of third-party practice. We now make our preliminary writ absolute with respect to the third-party petition. The cause may proceed to trial in accordance with the views expressed in this opinion.

DOWD and WOLFE, JJ., concur.