**Howard DONALD, Plaintiff,**

**v.**

**HOME SERVICE OIL COMPANY, a corporation, Defendant, Cross-Defendant-Respondent,**
**and**
**C.E.S. Truck Lines, Inc., a corporation, Defendant, Cross-Claimant-Appellant.**

**No. 58525.**

Supreme Court of Missouri,
En Banc.

Sept. 9, 1974.

A. G. Holtkamp, Gilbert N. Beckemeier, St. Louis, for respondent.

Louis A. Robertson, Robertson, Ely & Wieland, F. X. Cleary, J. C. Jaeckel, St. Louis, for appellant.

SEILER, Judge.

This case is here on transfer under Art. V, Sec. 10, 1945 Missouri Constitution, V. A.M.S., upon certification by a judge of the court of appeals, St. Louis district, that the majority opinion filed in that court is contrary to the decision of this court in Crystal Tire Company v. Home Service Oil Company and C.E.S. Truck Lines, Inc., 465 S.W.2d 531, 533 (Mo.1971). Under the constitutional provisions, we decide the case as though it were here on original appeal.

The controversy before us arises from an appeal by defendant C.E.S. Truck Lines, Inc. from an order dismissing its cross claim for indemnity against co-defendant Home Service Oil Company on the ground of failure to state facts upon which relief can be granted. The cross claim grows out of an action by plaintiff Donald seeking recovery from C.E.S. and Home Service for damage to his property caused by an explosion and fire occurring on C. E.S.'s premises. To determine whether a case for indemnity exists, we must assume that the facts stated in plaintiff's petition and defendant's cross claim are true. Campbell v. Preston, 379 S.W.2d 557, 560 (Mo.1964).

In his petition plaintiff Donald alleged (1) defendant C.E.S. owned and maintained gasoline tanks on its premises which adjoined plaintiff's premises; (2) defendant Home Service owned and operated a gasoline transport truck used to deliver gasoline to the tanks of C.E.S.; (3) the tanks, truck and appurtenances were under the sole care, control, supervision and maintenance of defendants; (4) that defendants carelessly and negligently caused, suffered and permitted the facilities to explode, thereby destroying plaintiff's building and (5) that plaintiff was without knowledge or control of the operation and maintenance of said facilities or cause of explosion.

This petition, under Crystal Tire Company v. Home Service Oil Company, supra, is one proceeding under the res ipsa loquitur doctrine, 465 S.W.2d l.c. 532. See also, Empiregas, Inc. of Noel v. Hoover Ball & Bearing Co., 507 S.W.2d 657 (Mo.1974).

Defendant C.E.S. filed an answer admitting it owned and maintained gasoline tanks on its premises and that Home Service owned and operated a gasoline truck used to deliver gasoline to the tanks of C. E.S., but denied that the gasoline truck was under its care, operation, supervision, control, maintenance or ownership or that it negligently caused the tank to explode.

Coupled with C.E.S.'s answer is a cross claim alleging that at the time of the delivery the transport truck and storage tanks were under the sole and exclusive control of Home Service; that Home Service negligently overfilled the tank causing a dangerous accumulation of volatile fumes, that Home Service negligently raced the engine of the truck, producing sparks which ignited the fumes causing the explosion and plaintiff's damages, and that if C.E.S. is held liable to plaintiff Donald, C.E.S. is entitled to be indemnified by Home Service to the extent of any judgment rendered against it in favor of plaintiff.

Respondent Home Service Oil Company argued, and the trial court held, as did the

court of appeals on appeal, that the allegations made by C.E.S. in its cross claim did not provide C.E.S. with a cause for indemnity, but rather constituted allegations in defense of plaintiff's claim which, if true, would relieve C.E.S. of any liability to plaintiff.

We do not agree that it necessarily follows under the pleadings that the allegations made by C.E.S. in its cross claim for indemnity against Home Service, even· if accepted by the jury, would thereby relieve C.E.S. of any liability to plaintiff. In the Crystal Tire Company case, supra, we said: (465 S.W.2d 1.c. 533): "In our opinion, a res ipsa loquitur case was established by the evidence against both defendants: (1) the filling of a tank with gasoline does not ordinarily result in an explosion if those in charge use due care; (2) at the time the explosion occurred, Home Service was in actual control of the instrumentalities (the truck and the tank) necessary for the filling operation, and C.E.S. had the right to control such instrumentalities; and (3) plaintiff was totally ignorant of the filling operation. We hold that plaintiff made a submissible case against both defendants under the res ipsa loquitur doctrine."

■ The case before us is still in the pleading stage. All we have is plaintiff's res ipsa loquitur petition and the general denial of defendant C.E.S., together with C.E.S.'s cross claim for indemnity against co-defendant Home Service Oil Company, along with Home Service's motion to dismiss the cross claim for failure to state a claim upon which relief can be granted. The jury might accept as true the claim of C.E.S. that the accident was caused by the

acts of Home Service in overfilling the tank, racing the engine on the truck and thereby igniting the fumes and causing the fire. Yet at the same time, the jury could find both defendants liable to plaintiff,[1] with liability on the part of C.E.S. based on its right of control over the premises, Crystal Tire Co. v. Home Service Oil Co., supra. Thus, the allegations which defendant C.E.S. sets up in its cross claim, even if true, do not necessarily free defendant from any and all liability to the plaintiff. See Feinstein v. Edw. Livingston & Sons, Inc., 457 S.W.2d 789, 793 (Mo.1970), where the court, ruling on a motion to dismiss an indemnity claim, used a similar approach with respect to considering what the pleadings would permit when given all their reasonable intendments.

Barb v. Farmers Insurance Exchange, 281 S.W.2d 297 (Mo.1955) is similar in some respects. In that case there was a res ipsa loquitur pleading and submission by the plaintiff against two co-defendants with a verdict against both defendants and a successful cross claim for indemnity by one co-defendant against the other. Plaintiff was injured when she was struck by falling boxes stacked in a public passageway in a building owned by defendant Insurance Exchange Building Company. The boxes had been stacked in the passageway by co-defendant Farmers Insurance Exchange, a tenant in the building. The court held the defendant lessee was under the duty to exercise due care for the safety of those using the passageway in placing or storing the boxes, while the defendant lessor, as a landlord with the right of control, had the duty to exercise ordinary care to make sure the premises were reasonably safe for its invitees so that both

---

1. Of course, the fact that the jury has found both defendants negligent and both responsible for the damage to plaintiff does not mean there cannot be an indemnity claim by one defendant against the other, because without a recovery by plaintiff there would be no occasion to seek indemnity. State ex rel. Siegel v. McLaughlin, 315 S.W.2d 499, 502 (Mo.App.1958). In most instances, a final judgment in favor of the plaintiff is a necessary predicate to a cross claim for indemnity, although in some cases the claim for indemnity follows a settlement with the plaintiff rather than a final judgment, as for example in Western Casualty and Surety Co. v. Shell Oil Co., 413 S.W.2d 550 (Mo. App.1967).

defendants had duties to exercise due care to protect plaintiff from harm, although the duties were founded on different legal relations and factual bases. The court held that plaintiff made out a res ipsa submission against both defendants; that the two defendants were in concurrent control in the legal sense and in the factual sense with incidental duties to plaintiff, although their duties were of different factual basis in the circumstances surrounding the occurrence. In granting the lessor a right of action for indemnity against the lessee, the court held at 281 S.W.2d l.c. 304 as follows: " . . . In cases where one party creates the condition which causes injury and the other does not join therein but is exposed to liability on account of it, the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity does not apply . . . " See also, Restatement of Restitution, Sec. 95.

The court pointed out that the jury in finding for the landlord and against the tenant on the indemnity claim, was required to find that the boxes stacked in the passageway "were placed between the columns mentioned in evidence by Farmers Insurance Exchange and that the boxes were so placed without consent of the Insurance Exchange Building, and that it did not acquiesce in the continuation of said condition of said boxes . . . " This principle could be applied to the case before us if it should turn out that Home Service Oil Company, while in sole control of its truck, acted negligently in overfilling the tank, racing the engine and thereby igniting the fumes and that this was done without the knowledge, acquiescence or consent of C.E.S. These facts would permit a recovery by C.E.S. against Home Service Oil Company even though plaintiff had theretofore recovered against both defendants under res ipsa.

In Western Casualty and Surety Company v. Shell Oil Company, 413 S.W.2d 550 (Mo.App.1967), there was a claim for non-contractural and non-derivative indemnity for liability arising in tort. In that case two teenage girls were injured when an explosion occurred in the rest room in a filling station in De Soto, Missouri. The station was being operated by Cledis Lanham under a written lease from Shell Oil Company, which owned the premises and had constructed the station. The lease provided that the lessee had full right of control of the premises. The two girls sued Lanham and Shell Oil Company jointly. Shell Oil Company settled the claims against it, leaving Lanham as the sole defendant. Thereafter Lanham's insurer made a further settlement on behalf of Lanham and then brought action under the subrogation clause in Lanham's policy against Shell Oil Company and its truck driver employee to recover what it had paid in settlement of the claims. The evidence in the indemnity action (there was no evidence in the original damage suit, as it was settled, not tried) was that when Shell Oil built the station, it placed the vent pipes by which fumes would be dispelled when the underground storage tanks were filled, close to the filling station rest rooms. On the occasion of the explosion, Shell Oil was in process of filling two of the underground tanks at the same time, which greatly increased the amount of fumes. The weather was "muggy" and there was no wind. The gasoline vapors escaping from the vents settled in the vicinity of the rest rooms and when one of the girls struck a match the explosion occurred. It was contended by Shell that Lanham, the operator, should have warned Shell someone was in the rest room, should have locked the rest room doors while the gasoline was being unloaded or posted "No smoking" signs.

On appeal a recovery in favor of Lanham's insurer in indemnity against Shell Oil Company was affirmed, despite the fact that the case involved joint tort-feasors

**430**

and the claim for indemnity was a non-contractural, non-derivative one arising in tort. The court's reasoning was that the nature of the respective negligence of the plaintiff and the defendants was a disputed issue of fact submitted to the court sitting as a jury, which found the issues in favor of the plaintiff because there was nothing showing plaintiff was guilty of active or primary negligence.

■ We note here, that the "active-passive" terminology in the indemnity field has been criticized as amounting to a conclusion rather than a premise and as a concept which can be " . . . manipulated to produce any result. One need only enlarge the definition of the act of the actor to make it 'active', while by reducing the definition one can make the act 'passive' . . .", while use of the " . . . primary-secondary terminology has a distinct advantage. It suggests that a great deal of legal analysis, and just as often, fact-finding, must first occur before one may conclude whether the act in question is primary or secondary. Moreover, the emphasizes the relativity involved . . .", Bush Terminal Bldgs. Co. v. Luckenbach Steamship Co., 11 A.D.2d 220, 202 N.Y.S. 2d 172, 180–181 (1960).

Regardless of the terminology used, however, under the Missouri authorities, we certainly cannot say at this stage of the litigation that the cross claim of C.E.S. for indemnity fails to state a claim upon which relief can be granted.

Accordingly, the judgment is reversed and the cause is remanded with instructions to the trial court to overrule the motion of defendant Home Service Oil Company to dismiss the cross claim for indemnity of defendant C.E.S. Truck Lines, Inc. for failure to state a claim upon which relief can be granted and for further proceedings not inconsistent herewith.

All of the Judges concur.