**STATE of Missouri ex rel. Paul GREEN, Relator,**

v.

**Honorable William M. KIMBERLIN, Judge of the Circuit Court of Cass County, Missouri, Division No. I, Respondent.**

No. 58675.

Supreme Court of Missouri, En Banc.

Dec. 16, 1974.

John C. Milholland, A. J. Anderson, Harrisonville, for relator.

Patrick McLarney, David H. Clark, Shook, Hardy & Bacon, Kansas City, for respondent.

HOLMAN, Judge.

This is an original proceeding in prohibition in which relator seeks to prevent respondent judge from adjudicating a third-party petition wherein relator is designated as the third-party defendant. The case is here on transfer under Art. V, Sec. 10, Mo.Const.1945, V.A.M.S. upon certification by a judge of the Court of Appeals, Kansas City District, that the majority opinion filed in that court is contrary to and in conflict with prior decisions of the Court of Appeals, St. Louis District, in State ex rel. C. F. Jacobs and Company v. Kelly, 335 S.W.2d 493 (Mo.App.1960), and State ex rel. Junior College District of St. Louis v. Godfrey, 465 S.W.2d 1 (Mo.App.1971). We decide the case here the same as an original proceeding filed in this court.

We have adopted portions of the majority opinion of the court of appeals without the use of quotation marks.

The original action was between Carol Green as plaintiff and W. E. Spangler as defendant. Plaintiff had leased a commercial property to defendant for a term of years. Shortly after the first year of the term, defendant Spangler abandoned the premises and ceased payment of the rent reserved in the lease agreement. Plaintiff Carol Green brought suit for all rent due

for the balance of the term. In defense, Spangler asserted mutual cancellation of the lease, and alleged that relator, Paul Green, acting as agent for his wife, plaintiff Carol Green, requested Spangler to abandon the premises because of his wife's plan to sell the property, and thereupon Spangler and Green mutually agreed to cancellation of the lease.

Trial was had on the principal action and the jury returned, but the court refused, a verdict for defendant. Thereupon, the court by oral instruction directed the jury to return a verdict for plaintiff for $285.28, which defendant conceded he owed for the balance of his occupancy. The jury returned a new verdict for $285.28 and judgment in that amount was entered for plaintiff. The court denied plaintiff's post-trial motion for additur, but sustained her alternative motion for new trial on the issue of damages only, and gave as reason therefor error in giving the oral instruction. No appeal was taken from that judgment and it has become final.

In this posture of the case, defendant Spangler instituted a third-party petition against relator, Paul Green, alleging that if he, Spangler, was in breach of the contract of lease, it was a breach induced by relator's representation that he was the agent of Carol Green, and therefore relator is liable to Spangler for any judgment that might be entered against Spangler because of relator's tortious misrepresentation and breach of his implied warranty of authority.

The court of appeals adopted an opinion which quashed their preliminary rule in prohibition as having been improvidently issued but, on motion of relator, withdrew the opinion and granted a rehearing. After reargument and reconsideration the majority of the court again determined that the order of the respondent judge allowing the third-party petition was lawful.

Rule 52.11, V.A.M.R., which governs third-party practice, provides in relevant part:

"(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* The third-party plaintiff need not obtain leave to make the service if he files a third-party petition not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties of the action." (Italics ours)

Relator contends that the third-party claim based on the theories of tortious misrepresentation and breach of implied warranty of authority is improper because it does not come within the provision of Rule 52.11. For reasons that follow, it is this court's conclusion that the claim presented is a proper subject for impleader and therefore the provisional rule in prohibition should be discharged.

■ The right to implead is not an absolute right even if the claim asserted is within the scope of Rule 52.11, but is a matter that is discretionary with the court. The "purpose of third party practice is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence to obtain consistent results from identical or similar evidence and to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another." State ex rel. Laclede Gas Company v. Godfrey, 468 S.W.2d 693, 698[5] (Mo.App. 1971); State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127, 129 (1948). If the above purposes would not be served by the adjudication of the third-party claim, it is proper for the trial judge to ex-

ercise discretion and dismiss the third-party petition. Moore's Federal Practice (2nd Ed. 1972, § 14.05 [2]).[1] In the instant case, however, the issue as it has been presented by the parties is not whether the trial judge abused his discretion in refusing to dismiss defendant's third-party claim, but is, as stated above, the more basic issue of whether or not the defendant's third-party claim is one which comes within the provisions of Rule 52.11. In other words, the issue is one of jurisdiction, rather than abuse of discretion.

 The trial court has jurisdiction to adjudicate a defendant's third-party claim if the person upon which it is served "is or may be liable to him for all or any part of the plaintiff's claim against him." Rule 52.11, supra. Relator would have us construe the above language to limit adjudicable claims against the third-party defendant to those claims arising out of the same transaction and being based on the same theory of recovery as that of the original plaintiff's. Such a construction of Rule 52.11 is supported neither by its language nor by authority. What is required is merely that the claim asserted, if proved, would transfer the liability asserted against the defendant/third-party plaintiff to the third-party defendant. "[T]here must be an attempt to pass on to the third party all or part of the liability asserted against the defendant." State ex rel. Junior College District of St. Louis v. Godfrey, supra, (citing Kohn v. Teleprompter Corporation, Tele-Q Corp., 22 F.R.D. 259, at 261 (S.D. N.Y.1958)). Whether the third-party claim is based on a different theory from that alleged in the original complaint and whether the third-party petition introduces new factual issues are factors which are

properly considered by a trial judge in determining whether he should exercise his discretion and dismiss the claim, but they are not determinative of the jurisdictional issue of whether the third-party defendant is or may be liable to the defendant for all or part of the plaintiff's claim. What is determinative is whether the facts set forth in the third-party petition constitute a basis for a theory by which the third-party defendant would be liable to the third-party plaintiff if such third-party plaintiff is found to be liable to the original plaintiff. If the liability of the third-party defendant is not dependent on the liability of the third-party plaintiff, the claim would not come within the provision of Rule 52.11. Kohn v. Teleprompter Corporation, Tele-Q Corp., supra. See also, Gabel-Lockhart Co. v. Gabel, 229 S.W.2d 539 (Mo.1950); Balcoff v. Teagarden, 36 F.Supp. 224 (S.D.N. Y.1940).

 In the instant case plaintiff's claim is for rent for the balance of the term and proceeds on the theory that defendant has abandoned the lease. In that action, defendant asserts exoneration from the obligation of the lease by mutual cancellation with relator Paul Green, as agent for plaintiff. The adjudication of plaintiff's claim for rent entails only the issue of fact as to whether Paul Green entered into an agreement for mutual cancellation of the lease and possessed the authority to do so. Defendant's third-party petition is based on the theory that if relator had no authority to bind the plaintiff to an agreement for mutual cancellation of the lease, then he is liable "to defendant for his breach of implied warranty of authority and tortious misrepresentations for any judgment that defendant may be required to pay to Carol

---

1. Rule 52.11 is a copy of Rule 14 of the Federal Rules of Civil Procedure. Our courts, as well as courts of other states which have adopted the federal rule as prototype, in construing the local impleader rule or statute have drawn frequently from federal decisions and commentaries. E. g., State ex rel. McClure v. Dinwiddie, supra, 213 S.W.2d, l. c. 129–131 [1–9]; State ex rel. Laclede Gas Company v. Godfrey, supra, 468 S.W.2d,

l. c. 698 [5]; State ex rel. Junior College District of St. Louis v. Godfrey, supra, [2] (Mo.App.1971); Hipp v. Kansas City Public Service Co., 237 S.W.2d 928, l. c. 931 [4] (Mo.App.1951); Camden v. St. Louis Public Service Co., 239 Mo.App. 1199, 206 S.W.2d 699, 705 [9] (1947); and see Crawford, Third-Party Practice under the Missouri Code, 19 U. of K.C.L.Rev. 16 (1950–51).

Green as a result of his vacation of the premises, . . ." A determination of no agency by the jury would establish defendant's liability to plaintiff for breach of the lease and would also prove the essential element of third-party defendant's liability to defendant for breach of warranty. A determination of agency, on the other hand, would relieve defendant of any liability for breach of lease and would, since the third-party claim is dependent on the claim of the plaintiff, negate any theory of recovery which defendant asserts against relator. Therefore, the ultimate responsibility of paying which is attempted to be "passed on" by the third-party claim at issue *is the responsibility of paying "all or any part of plaintiff's claim"* and is not, as the relator contends in his brief, "some other responsibility of paying which will operate to provide the defendant with all or any part of the wherewithal to pay plaintiff's claim against him."

It is in this sense that the instant case is distinguishable from State ex rel. C. F. Jacobs and Company v. Kelly, supra, and State ex rel. Junior College District of St. Louis v. Godfrey, supra.

In Kelly, the plaintiffs, buyers of a house, sued the builder-seller for misrepresentations made in the sale. Plaintiffs alleged they purchased in reliance upon certain representations of defendant which *defendant knew* to be false. Defendant sought to implead a subcontractor as third-party defendant alleging that the subcontractor had breached written construction contracts and that he had made false representations about the subcontract recommendations and calculations. The third-party petition claimed damages from third-party defendant in an amount equivalent to whatever judgment might be entered for plaintiff and against defendant on the original petition.

Unlike the liability alleged in the petition of third-party plaintiff presently in issue, the liability alleged in the third-party petition in Kelly was not dependent upon the liability of the third-party plaintiff to the original plaintiff. This is apparent if the consequences of a determination that the defendant is not liable to plaintiff are considered. As stated above, such a determination in the instant case would negate any theory of recovery which the third-party claim asserts against relator. This was not true in Kelly. There a jury could find that the defendant did not knowingly make false representations to the plaintiffs and was therefore not liable. Such a finding would in no way negate the theory of recovery asserted in the third-party claim. A determination that the third-party subcontractor breached his contract with the defendant-seller and knowingly made false representations to him would still be possible. The court of appeals therefore correctly held in Kelly that the third-party claim could not "be sustained under the theory that the third-party defendant is liable to the defendant for the claim plaintiff asserts against defendant." State ex rel. C. F. Jacobs and Company v. Kelly, supra, 335 S.W.2d at p. 496. The defendant in Kelly was attempting "to pass on" not the responsibility of paying "all or part of the plaintiff's claim," but another responsibility of paying which would operate to provide him with the wherewithal to pay plaintiff's claim against him.

The liability asserted in the third-party petition in State ex rel. Junior College v. Godfrey, supra, was similarly not dependent on the defendant's liability to the original plaintiff. In that suit the plaintiff sued for the balance due under a subcontract from a general contractor who was employed by the relator to perform certain work on its campus. In his third-party petition, the general contractor (Paulus) alleged that (1) relator had been unjustly enriched by reason of additional work (alleged to be a contract extra) done by the general contractor because of the subcontractor's failure to construct a running track in accordance with plans, (2) that relator had withheld as liquidated damages a sum of money because of certain delays oc-

casioned by the subcontractor for which the subcontractor is liable or alternatively that the provision in the general contract regarding liquidated damages is void; and (3) relator owed Paulus a balance under the general contract. It is clearly apparent that the above allegations of liability were based on claims, distinct from that of the plaintiff's and, as such, in no way depended upon the determination made as to plaintiff's original claim against defendant.

While we believe that we have distinguished the Kelly and Godfrey cases it should perhaps be said that to the extent those cases may be considered as conflicting with this opinion they should no longer be followed.

 Also in dispute in this case is the effect to be given to the trial court's judgment which granted plaintiff a new trial on the issue of damages only. Relator contends that the new trial judgment, from which no appeal was taken, concludes the issue of defendant's liability—including the defense of agency—in favor of plaintiff, which as between them is now *res judicata*. Defendant's counsel (although technically representing respondent) contends that the judgment concluded only defendant's liability for the balance of his occupancy for which he conceded he owed $285.28. It is evident that the trial court, whose order of impleader has efficacy only in a proceeding where the contested issues remain open, must have decided that issue in favor of the defendant. Whether that decision is right or wrong need not be considered by this court in this original proceeding of prohibition. This is for the reason that "[R]es adjudicata is an affirmative defense. It goes to the merits, not to the jurisdiction. It raises issues of fact and maybe issues of law as well. The decision of issues arising on the merits is peculiarly within the jurisdiction and power of the inferior court. It may decide the issues erroneously if it will. To say that the inferior court has jurisdiction to decide an

issue and has no jurisdiction to decide it erroneously is a paradox. To say that the court has no jurisdiction to decide an issue erroneously is to say that it has no jurisdiction to decide the issue at all." State ex rel. Henry v. Cracraft, 237 Mo.App. 194, 168 S.W.2d 953, 955[5] (1943); State ex rel. Deering Milliken, Inc. v. Meyer, 449 S.W.2d 870, 873[5] (Mo.App.1970).

We accordingly rule that the provisional rule in prohibition issued by the court of appeals should be discharged. It is so ordered.

All concur.