STATE of Missouri ex rel. PERKINS COIE LLP and Douglas L. Thorpe, Relators,

v.

Honorable Edith L. MESSINA, Judge of the Circuit Court of Jackson County, Missouri, Div. 12, Respondent.

No. WD 63619.

Missouri Court of Appeals, Western District.

July 20, 2004.

Gene E. Voigys, Kansas City, MO, for Relator.

John J. Benge, Lenexa, KS, for Respondent.

Before EDWIN H. SMITH, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Perkins Coie LLP and Douglas Thorpe are relators in this proceeding. Relators seek an order in prohibition to direct the respondent circuit judge to dismiss the third party claims brought against them in the underlying proceeding in the Jackson County Circuit Court. We issued a preliminary order on January 26, 2004. Having fully considered the matter following

briefing and argument, we now make the preliminary order absolute.

## Background Facts

The plaintiffs in the proceeding pending in Jackson County Circuit Court are the law firm of Walters Bender Strohbehn and Vaughan, P.C. The defendants are David L. Johnson and several corporations and LLC's engaged in real estate development and investment. Walters Bender's action is one to recover attorneys' fees related to litigation in United States District Court for the Central District of California in which David L. Johnson and the other defendants (hereafter collectively referred to as "DLJ") were represented by Walters Bender and by Perkins Coie, LLP ("Perkins") and Douglas Thorpe. The claims in that action were brought by certain limited partners in the investments who claim that certain refinancing endeavors under the control of DLJ were conducted improperly. The proceedings in California resulted in judgments against DLJ.

Walters Bender sued DLJ in Jackson County Circuit Court for attorneys' fees related to the California litigation. The Defendants then filed counterclaims against Walters Bender and also filed third party claims against Thorpe and Perkins Coie under Rule 52.11. Thorpe and Perkins moved unsuccessfully in the trial court to dismiss the third party claims, contending that any liability of Thorpe and Perkins is not dependent on the liability of DLJ to Plaintiff Walters Bender. Relators also contend there are insufficient contacts with Missouri to justify personal jurisdiction over them. Thorpe and Perkins now argue this court should issue its writ directing the trial court to dismiss the claims against them.

## Third Party Claims

■ Rule 52.11(a) establishes the circumstances under which a defendant may bring a third party into a pending action:

At any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party.

The rule was designed to further the efficient use of judicial resources by allowing a party who claims a right of indemnity against a third party to bring that third party directly into the pending action. *See State ex rel. Green v. Kimberlin*, 517 S.W.2d 124, 126 (Mo. banc 1974). Accordingly, a defendant may implead only a person who "is or may be liable to the defending party for all or part of plaintiff's claim against the defending party." Rule 52.11(a).

■ This language is clear and unambiguous. *Kimberlin*, 517 S.W.2d at 127. If the liability of the third party defendant is not dependent on the liability of the third party plaintiff, the court would not be able to exercise jurisdiction over the third party petition. *See S.P. Pers. Assocs. of San Antonio v. Hosp. Bldg. & Equip. Co.*, 525 S.W.2d 345, 348 (Mo.App.1975).

The claims asserted in the third party petition in this case are not dependent upon the liability of DLJ to Plaintiff. Walters Bender is suing DLJ for legal fees. DLJ does not allege that Relators are liable to either Walters Bender or to DLJ for any amounts that Walters Bender may be awarded against DLJ. The claims of DLJ against the Relators Perkins and Thorpe are claims of legal malpractice by Relators. We fail to see how the claims expressed here are dependent upon whether Walters Bender is able to recover on its claim for legal fees for defending the action. DLJ points out that one of its claims

is that Relators should have advised DLJ that Walters Bender's legal representation was substandard and that the Perkins firm was not prepared to serve as lead counsel, and that DLJ was therefore in "jeopardy." This is an allegation of legal malpractice, but we fail to see any allegation that Perkins and Thorpe are required to indemnify DLJ for attorney's fees generated by Walters Bender.

It is not pleaded in the petition that the amount of attorneys' fees generated by Walters Bender in the defense of the litigation would have been less if Perkins and Thorpe had notified DLJ of Walters Bender's alleged ineffectiveness and of their own alleged lack of readiness to provide a defense. Nor is there any logical inference that such would necessarily be the case. Accordingly, there is no DLJ claim of indemnity against Perkins and Thorpe based on the claim of Walters Bender against DLJ for attorney's fees. The absence of any pleading of a right of indemnity is fatal to the jurisdiction of the Jackson County Circuit Court to join the third party claims against Perkins and Thorpe in the Walters Bender attorneys' fee litigation. *Kimberlin,* 517 S.W.2d at 127.

Because Rule 52.11 precludes joinder of third parties when there is no right of guaranty or indemnity involved, the respondent court lacked jurisdiction over the third party petition and abused its discretion in refusing to dismiss the third party petition and requiring Relators to respond to it. Prohibition is an appropriate remedy.

### Personal Jurisdiction

■ Prohibition is also appropriate when the pleadings and affidavit show a lack of sufficient contacts between the out-of-state defendants and the forum state to justify the exercise of personal jurisdiction over the defendants. Here, the only con-tacts with Missouri were the electronic and written communications between the out-of-state lawyers and the Missouri client, the execution of the engagement letter by the client, and the payment of attorney's fees out of a Missouri bank. No argument is made that Perkins Coie is an indispensable party in any litigation between Walters Bender and DLJ or that any such litigation must take place in Missouri. The contacts with Missouri listed above are insufficient under a due process analysis to justify the exercise of personal jurisdiction over the defendants. *State ex rel. Barnes v. Gerhard,* 834 S.W.2d 902 (Mo. App.1992); *Porter v. Berall,* 293 F.3d 1073 (8th Cir.2002); *Sher v. Johnson,* 911 F.2d 1357, 1362 (9th Cir.1990).

This court's preliminary order in prohibition is made permanent.

EDWIN H. SMITH and LOWENSTEIN, JJ., concur.